1  The Law Office of Justin Ryan
2  Justin Ryan, Esq. CSB # 261672
   2534 State Street, Suite 404
3  San Diego, CA 92101
   (619) 822-2533
4  (619) 923-2543 e-fax.

5  Attorney for Plaintiff
   HERITAGE   PACIFIC   FINANCIAL,   LLC   d/b/a   HERITAGE   PACIFIC
6  FINANCIAL

7

8

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13  HERITAGE   PACIFIC   FINANCIAL,          Case No.   SACV09-01466 AG (RNBx)
    LLC  D/B/A   HERITAGE   PACIFIC
14  FINANCIAL,   a   Texas   Limited
    Liability Company,
15                                           COMPLAINT FOR DAMAGES,
            Plaintiff,                       SPECIFIC PERFORMANCE, &
16                                           OTHER EQUITABLE RELIEF
          v.
17                                             1.  Breach of Contract
    JAMES    HAGUE;    CHARLENE
18  CHAO;   JEFFERY    TOMAZIN;                2.  Intentional Misrepresentation
    PRISCILLA   TOMAZIN;   MARIA               3.  Fraudulent Concealment
19  SOILA  CARBAJAL;   EPHRAIM                 4.  Negligent Misrepresentation
    KIAMA;   EVIE   LIWE;   JAMES
20  TAYLOR; REMUS EPPIE; PATRICK
    OGDEN;   SILVIA   ELIZABETH
21  SALMERON;VERONICA CONKLIN;
22  EMILIO VILLARREAL; MORADALI
    AMIRINEGAR; MARTHA ROCHA;
23  MINA   SHAHAB;   MYRA   POPP
24  FIGUEROA;  VICTOR   BONILLA;
    LETICIA VALENZUELA; ANTONIA
25  PEDRAZA; BONNIE RHEA SCOTT;
26  ALBERTO    PASILLAS;    JORGE
    VELASCO; JENNIE ARISMENDEZ;
27

28

                                   1

PAUL RADWICH; MARY PEARSON; RONALD CALVERO; JOSE EDUARDO PAVON; JENNIFER ANNE VON BIMA; FRED ORTIZ; JORGE MORA; SONIA NAVARRO; MONIQUE HEREDIA; OTILA MURRIETTA; GELENIE QUIOCHO AMIGABLE; AMANDA ESPINELLO, CLAUDIA TOVAR; SERGIO TOVAR; BERTHA CORTES; MIGUEL CORTES FERRAL; JORGE SIGUENZA; BLANCA RODAS; SEAN WOLFSWINKEL;ALFREDO JIMENEZ; ELOISA PINEDA; LEVIS RODRIGUEZ; MONICA ANGUIANO; SALOMON SOLIS; MONIQUE HUEREQUE; LOURDES VELAZQUES

Defendants.

COMES NOW PLAINTIFF, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, that alleges damages and seeks equitable relief against the Defendants, and each of them, as follows:

JURISDICTION & VENUE

1.     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount in damages that Plaintiff seeks to recover from each Defendant exceeds

2

$75,000.00. Venue is conferred as the property is located and all transactions took place and all parties reside within the boundaries of the United States District Court for the Central District of California.

PARTIES

2.    Plaintiff HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL (hereinafter "Plaintiff" or "HPF") is a limited liability company organized under the laws of the State of Texas with its principal balance of business in Dallas County, Texas.

3.    Plaintiff is informed, believes, and thereon alleges that Defendants, individually named and collectively hereinafter referred to as "Defendants," are individuals residing at their respective residences noted below:

a.    DEFENDANT JAMES HAGUE, an individual, residing at 16740 Inverrary Way, Fontana, CA 92336.

b.    DEFENDANT CHARLENE CHAO, an individual, residing at 6993 Rivertrails Drive, Mira Loma, CA 91752

c.    DEFENDANTS JEFFERY TOMAZIN and PRISCILLA TOMAZIN, individuals, residing at 118 N. Torn Ranch Road, Lake Elsinore, CA 92530.

d.    DEFENDANT MARIA SOILA CARBAJAL, an individual, residing at 11392 Glen Cove Drive, Garden Grove, CA 92843.

e.    DEFENDANT EPHRAIM KIAMA, an individual, residing at 22195 Witchhazel Ave, Murrietta, CA 92353.

f.    DEFENDANT EVIE LIWE, an individual, residing at 11792 Pomelo Drive, Desert Hot Springs, CA 92240.

g.    DEFENDANT REMUS EPPIE, an individual, residing at 4860 Genevieve Ave, Los Angeles, CA 90041.

3

1    h.  DEFENDANT SILVIA ELIZABETH SALMERON, an

2 individual, residing at 36850 57th Street E, Palmdale, CA 93552.

3    i.  DEFENDANT VERONICA CONKLIN, an individual, residing at

4 5641 Tiverton Circle, Westminster, CA 92683.

5    j.  DEFENDANTS CLAUDIA TOVAR and SERGIO TOVAR, an

6 individual, residing at 1280 Kilson Dr, Santa Ana, CA 92707

7    k.  DEFENDANT EMILIO VILLARREAL, an individual, residing at

8 3576 Bell Avenue, Apartment D, Bell, CA 90201.

9    l.  DEFENDANT MORADALI AMIRINEGAR, an individual,

10 residing at 25717 Simpson Place, Calabasas, CA 91302.

11    m.  DEFENDANT MARTHA ROCHA, an individual, residing at

12 44255 Whittier Avenue, Hemet, CA 92544.

13    n.  DEFENDANT PATRICK OGDEN, an individual, residing at

14 9249 Marigold Place, Riverside, CA 92503.

15    o.  DEFENDANT MINA SHAHAB, an individual, residing at 1500

16 E. Wilson Avenue, Apt 102, Glendale, CA 91206.

17    p.  DEFENDANT MYRA POPP FIGUEROA, an individual, residing

18 at 7546 Stewart & Gray Road Apartment 120, Downey, CA 90241.

19    q.  DEFENDANT VICTOR BONILLA, an individual, residing at 804

20 Meadowbrook Lane, Chula Vista, CA 91913

21    r.  DEFENDANT LETICIA VALENZUELA, an individual, residing

22 at 13361 Coral Reef Road, Tustin, CA 92780.

23    s.  DEFENDANT ANTONIA PEDRAZA, an individual, residing at

24 1107 Cornelia Street, Pomona, CA 91768.

25    t.  DEFENDANT BONNIE RHEA SCOTT, an individual, residing at

26 7120 Indiana Avenue #G-103, Riverside, CA 92504.

27

28

w.       DEFENDANT ALBERTO PASILLAS, an individual, residing at 13629 Wingo Street, Arleta, CA 91331.

v.       DEFENDANT JORGE VELASCO, an individual, residing at 3726 Princeton Street, Los Angeles, CA 90023.

x.       DEFENDANT JENNIE ARISMENDEZ, an individual, residing at 4887 Constitution Street, Chino, CA 91710.

y.       DEFENDANT PAUL RADWICH, an individual, residing at 12032 Overland Court, Fontana, CA 92337.

z.       DEFENDANT MARY PEARSON, an individual, residing at 3024 Piedmont Drive, Highland, CA 92346.

aa.      DEFENDANT RONALD CALVERO, an individual, residing at 655 S Flower Street, Los Angeles, CA 90017.

bb.      DEFENDANTS JOSE EDUARDO PAVON and JENNIFER ANNE VON BIMA, individuals, residing at 1061 Dawes Street, Lake Elsinore, CA 92530.

cc.      DEFENDANT FRED ORTIZ, an individual, residing at 11463 Leatherleaf Road, Fontana, CA 92337.

dd.      DEFENDANT JORGE MORA, an individual, residing at 16440 Zocalo Place, Apartment 208, Moreno Valley, CA 92551.

ee.      DEFENDANT SONIA NAVARRO, an individual, residing at 1826 Garvey Avenue, Alhambra, CA 91803.

ff.      DEFENDANT MONIQUE HEREDIA, an individual, residing at 7201 Archibald Avenue, PMB 219, Rancho Cucamonga, CA 91701.

gg.      DEFENDANT OTILA MURRIETTA, an individual, residing at 9041 Danby Ave., Santa Fe Springs, CA 90670.

hh.      DEFENDANT GELENIE QUIOCHO AMIGABLE, an individual, residing at 12954 Raintree Place, Chino, CA 91710.

5

1    ii.    DEFENDANT AMANDA ESPINELLO, an individual, residing at
2    7751 ARROYO VISTA AVE, Rancho Cucamonga, CA 91730.
3    jj.    Defendant JAMES TAYLOR, an individual, residing at 15491
4    Pasadena Avenue, Apartment 93, Pasadenda, Tustin, CA 92780.
5    ll.    DEFEDANTS BERTHA CORTES AND MIGUEL CORTES
6    FERRAL, individuals, residing at 16371 Bamboo Street, La Puente, CA 91744.
7    mm.    DEFENDANT JORGE SIGUENZA, an individual, residing at
8    18810 Aphrondite Lane, Canyon Country, CA 91351.
9    nn.    DEFENDANT BLANCA RODAS, an individual, residing at
10   13547 Ashland Lane, Fontana, CA 92336.
11   oo.    DEFENDANT SEAN WOLFSWINKEL, an individual, residing at
12   910A W 14th Ave., Blythe, CA 92225-2736.
13   pp.    DEFENDANT ALFREDO JIMENEZ, an individual, residing at
14   21106 Parthenia Street, Canoga Park, CA 91304.
15   qq.    DEFENDANT ELOISA PINEDA, an individual, residing at 531
16   Garvey, Suite B, Santa Ana, CA 92701.
17   rr.    DEFENDANT LEVIS RODRIGUEZ, an individual, residing at
18   3322 W 108th Street, Inglewood, CA.
19   ss.    DEFENDANT MONICA ANGUIANO, an individual, residing at
20   37742 Janus Drive, Palmdale, CA 93550.
21   tt.    DEFENDANT SALOMON SOLIS, an individual, residing at 458
22   S. Ditman Avenue, Los Angeles, CA 90063.
23   uu.    DEFENDANT MONIQUE HUEREQUE, an individual, residing
24   at 11194 Caribou Avenue, Apple Valley, CA 92308.
25   vv.    DEFENDANT LOURDES VELAZQUES, an individual, residing
26   at 4216 Menlo Avenue, Los Angeles, CA 90037.
27                         PRELIMINARY ALLEGATIONS
28

6

4.     At all times relevant herein, Plaintiff is the owner of the mortgage notes for the Defendants.

5.     Plaintiff is informed and believes, and thereon alleges that Defendants are now, and were at all times mentioned in this Complaint, individuals residing in the State of California.  At all times relevant to this suit, Defendants owned real property within the State of California.

6.     Plaintiff is informed and believes, and thereon alleges, Defendants in each of their loan transactions actively devised and executed a scheme to prepare, submit and close fraudulent interstate real estate financing transactions with financial institutions among the intended victims of their criminal acts in violation of 18 U.S.C. §§ 1343-44.

7.     Defendants committed the acts, caused or directed others to commit the acts and/or omissions, or instructed, authorized, permitted, encouraged, facilitated, assisted and/or ratified the acts and/or omissions of their agents. Defendants knew or realized their agents were engaging in or planned to engage in violations of civil and criminal law in this Complaint.

## STATEMENT OF FACTS

8.     As detailed below in this Complaint, each Defendant sought to purchase real property in the State of California.

9.     In an effort to obtain funds to purchase their properties, Defendants applied for and obtained loans and completed, or caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which the Defendants executed and signed.

10.     On each Uniform Residential Loan Application, each Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein.

7

11.     Among the information provided and certified by Defendants in their Uniform Residential Loan Application, the Plaintiffs were required to certify information regarding their current employer, statements of their gross monthly income, and to certify that they intended to use the loan proceeds to purchase real property which Defendants intended to use as their primary residence.

12.     In furtherance of their effort, because Defendants knew that their then-current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes, and thereon alleges that the Defendants:

        a)      Provided, prepared, caused to be prepared, false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

        b)      Certified false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

        c)      Caused their agents to submit to lenders false loan applications and other loan related documents.

13.     Plaintiff is informed, believes, and thereon alleges that Defendants directed, instructed, and caused to have transmitted their false loan application and supporting documentation to lenders even though Defendants knew the information in the loan application and supporting documentation were false in material respects.

14.     Lenders did not know, and had no reason to know, that the information and documentation provided by Defendants in and in conjunction with their loan applications was false, and in reliance on the information and documentation provided by Defendants to lenders therein approved the loan.

8

Heritage Pacific Financial v. Hague, Et. al.
COMPLAINT

15.     Defendants executed promissory notes in favor of their initial lender, their successors, transferees, and assigns (collectively hereinafter "LENDER").

16.     The proceeds of the loans, as referenced in the promissory notes, were to be used by Defendants in the purchase or refinance of the properties described therein.  In exchange, Defendants agreed and promised to pay Lender according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

17.     Lenders fully performed, and Defendants acquired title to the properties.

18.     The promissory notes were duly assigned by the original lender and/or its assignees to Plaintiffs, who is currently the Holder of the promissory notes.

19.     Defendants have defaulted on their obligations to re-verify the information contained in their Uniform Residential Loan Application.  Despite Plaintiff's attempts to secure information from Defendants to re-verify the information contained in their loan applications, Defendants have failed and/or refused to comply with Plaintiff's requests.

20.     On or about January 17, 2007, Defendant JAMES HAGUE obtained financing with Loan Number 11818808 from GE Money Bank, FSB, totaling a principal balance of $175,000.00 to purchase real property located at 14822 Hartsook Street, Sherman Oaks, CA 91403.  Plaintiff is informed, believes, and thereon alleges that Mr. Hague fraudulently misstated his monthly income as $18,500.00 a month as owner of Crystal Digital Images on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Hague defaulted on his payment

obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

21.     On or about August 31, 2006, Defendant CHARLENE CHAO obtained financing with Loan Number 10037599 from Family Lending Services, Inc. totaling a principal balance of $125,000.00 to purchase real property located at 14373 Wolfhound Street, Corona, CA 92880.  Plaintiff is informed, believes, and thereon alleges that Ms. Chao fraudulently misstated her monthly income as $16,500.00 a month as a marketing manager at Innovative Adverting Group on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Chao defaulted on her payment obligations and refused the Plaintiff's request to fulfill her obligation to re-verify the information contained on her Uniform Residential Loan Application.

22.     On or about March 20, 2007, Defendants JEFFERY TOMAZIN and PRISCILLA TOMAZIN obtained financing with Loan Number 11849235 from GE Money Bank, FSB, totaling a principal balance of $110,000.00 to purchase real property located at 29409 Sun Harbor, Lake Elsinore, CA 92530. Plaintiff is informed, believes, and thereon alleges that Mr. and Ms. Tomazin fraudulently misstated their monthly income as $31,000.00 a month on their Uniform Residential Loan Application and concealed their true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. and Ms. Tomazin defaulted on their payment obligations and refused the Plaintiff's request to fulfill their obligation to re-verify the information contained on their Uniform Residential Loan Application.

23.     On or about January 8, 2007, Defendant MARIA SOILA CARBAJAL obtained financing with Loan Number 0107245516-9505 from Argent Mortgage Company, LLC totaling a principal balance of $112,800.00 to

10

purchase real property located at 1232 West 2nd Street, Santa Ana, CA 92703. Plaintiff is informed, believes, and thereon alleges that Ms. Carbajal fraudulently misstated her monthly income as $13,650.00 a month as a contract technician on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Carbajal defaulted on her payment obligations and refused the Plaintiff's request to fulfill her obligation to re-verify the information contained on her Uniform Residential Loan Application.

24.    On or about January 30, 2007, Defendant EPHRAIM KIAMA obtained financing with Loan Number 0107924631-9505 from Argent Mortgage Company, LLC totaling a principal balance of $92,000.00 to purchase real property located at 23629 Tonada Lane, Moreno Valley, CA 92557. Plaintiff is informed, believes, and thereon alleges that Defendant Ephraim Kiama fraudulently misstated his monthly income as $10,147.92 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Defendant Ephraim Kiama defaulted on his payment obligations and refused the Plaintiff's request to fulfill his obligation to re-verify the information contained on his Uniform Residential Loan Application.

25.    On or about November 1, 2006, Defendant EVIE LIWE obtained financing with Loan Number 11747289 from WMC Mortgage Corporation totaling a principal balance of $77,526.00 to purchase real property located at 11792 Pomelo Drive, Desert Hot Springs, CA 92240. Plaintiff is informed, believes, and thereon alleges that Ms. Liwe fraudulently misstated her monthly income as $6,900.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Liwe defaulted on her payment obligations and refused the

11

1   Plaintiff's request to fulfill her obligation to re-verify the information contained on
2   her Uniform Residential Loan Application.

3       26.     On or about March 15, 2006, Defendant JAMES TAYLOR
4   obtained financing with Loan Number 900900060228874 from Freedom Home
5   Mortgage Corporation totaling a principal balance of $92,000.00 to purchase real
6   property located at 601 Devonwood Parkway, Hercules, CA 94547.  Plaintiff is
7   informed, believes, and thereon alleges that Mr. Taylor fraudulently misstated his
8   monthly income as $9,786.00 a month on his Uniform Residential Loan
9   Application and concealed their true income.  Plaintiff is the current holder of the
10  mortgage note.  After the loan transaction, Mr. Taylor defaulted on his payment
11  obligations and refused the Plaintiff's request to fulfill his obligation to re-verify
12  the information contained on his Uniform Residential Loan Application.

13      27.     On or about October 25, 2006, Defendant REMUS EPPIE
14  obtained financing with Loan Number 11728411 from WMC Mortgage
15  Corporation totaling a principal balance of $99,000.00 to purchase real property
16  located at 6024 Pine Crest Drive, Los Angeles, CA 90042.  Plaintiff is informed,
17  believes, and thereon alleges that Mr. Eppie fraudulently misstated his monthly
18  income as $10,000.00 a month on his Uniform Residential Loan Application and
19  concealed his true income.  Plaintiff is the current holder of the mortgage note.
20  After the loan transaction, Mr. Eppie defaulted on his payment obligations and
21  refused the Plaintiff's request to fulfill his obligation to re-verify the information
22  contained on his Uniform Residential Loan Application.

23      28.     On or about February 1, 2006, Defendant PATRICK OGDEN
24  obtained financing with Loan Number 900900060126901 from Freedom Home
25  Mortgage Corporation totaling a principal balance of $79,800.00 to purchase real
26  property located at 210 Tahoe Street, Perris, CA 92571.  Plaintiff is informed,
27  believes, and thereon alleges that Mr. Ogden fraudulently misstated his monthly
28

income as $7400.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Ogden defaulted on his payment obligations and refused the Plaintiff's request to fulfill his obligation to re-verify the information contained on his Uniform Residential Loan Application.

29.     On or about November 27, 2006, Defendant SILVIA ELIZABETH SALMERON obtained financing with Loan Number 11774609 from WMC Mortgage Corporation totaling a principal balance of $99,000.00 to purchase real property located at 11129 East Avenue V-8, Little Rock, CA 93543. Plaintiff is informed, believes, and thereon alleges that Ms. Salmeron fraudulently misstated her monthly income as $10,900.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Salmeron defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

30.     On or about February 2, 2007, Defendant VERONICA CONKLIN obtained financing with Loan Number 9125170 from Home Loan Center, Inc., d/b/a Lending Tree Loans, totaling a principal balance of $150,000.00 to refinance real property located at 52 Via Esperanza, Rancho Santa Margarita, CA 92688. Plaintiff is informed, believes, and thereon alleges that Ms. Conklin fraudulently misstated her monthly income as $9,556.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Conklin defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

31.     On or about January 25, 2007, Defendants CLAUDIA TOVAR and SERGIO TOVAR obtained financing with Loan Number 0701026935 from Home Funds Direct totaling a principal balance of $121,000.00 secured on real property located at 1280 Kilson Drive, Santa Ana, CA 92707.   Plaintiff is informed, believes, and thereon alleges that Mr. and Ms. Tovar fraudulently misstated their monthly income as $10,846.00 a month on their Uniform Residential Loan Application and concealed their true income.   Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. and Ms. Tovar defaulted on their payment obligations and refused the Plaintiff's request to fulfill their contractual obligation to re-verify the information contained on their Uniform Residential Loan Application.

32.     On  or  about  February  22,  2007,  Defendant  EMILIO VILLARREAL obtained financing with Loan Number 11831987 from GE Money Bank totaling a principal balance of $102,000.00 to purchase real property located at 1772 & 1774 East 109th Street, Los Angeles, CA 90059.  Plaintiff is informed, believes, and thereon alleges that Mr. Villarreal fraudulently misstated his monthly income as $10,475.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Villarreal defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

33.     On  or  about  February  13,  2007,  Defendant  MORADALI AMIRINEGAR obtained financing with Loan Number 11837490 from GE Money Bank totaling a principal balance of $82,500.00 to purchase real property located at 16439 Victory Blvd, Van Nuys, CA 91406.  Plaintiff is informed, believes, and thereon alleges that Mr. Amirinegar fraudulently misstated his monthly income as $14,400.00 a month on his Uniform Residential Loan Application and concealed

his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Amirinegar defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

34.     On or about October 9, 2006, Defendant MARTHA ROCHA obtained financing with Loan Number 0103663316-9509 from Argent Mortgage Company, LLC totaling a principal balance of $83,900.00 to purchase real property located at 9242 Agave Place, Riverside, CA 92503.  Plaintiff is informed, believes, and thereon alleges that Ms. Rocha fraudulently misstated her monthly income as $8,900.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Rocha defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

35.     On or about February 22, 2007, Defendants BERTHA CORTES and MIGUEL CORTES FERRAL obtained financing with Loan Number 1701128454 from Opteum Financial Services, LLC totaling a principal balance of $102,000.00 to purchase real property located at 16371 Bamboo Street, La Puente, CA 91744.  Plaintiff is informed, believes, and thereon alleges that Mr. and Ms. Cortes fraudulently misstated their monthly income as $9160.00 a month on their Uniform Residential Loan Application and concealed their true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. and Ms. Cortes defaulted on their payment obligations and refused the Plaintiff's request to fulfill their contractual obligation to re-verify the information contained on their Uniform Residential Loan Application.

36.     On or about January 11, 2007, Defendant MINA SHAHAB obtained financing with Loan Number 11814548 from GE Money Bank totaling a

principal balance of $153,000.00 to purchase real property located at 10640 Wilkins Avenue 101, Los Angeles, CA 90024. Plaintiff is informed, believes, and thereon alleges that Ms. Shahab fraudulently misstated her monthly income as over $35,000.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Shahab defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

37.    On or about January 17, 2007, Defendant MYRA POPP FIGUEROA obtained financing with Loan Number 11821440 from GE Money Bank totaling a principal balance of $104,000.00 to purchase real property located at 1130 Farmstead Avenue, Hacienda Heights, CA 91745. Plaintiff is informed, believes, and thereon alleges that Ms. Figueroa fraudulently misstated her monthly income as $11,904.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Figueroa defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

38.    On or about December 11, 2006, Defendant VICTOR BONILLA obtained financing with Loan Number 0105937312-9506 from Argent Mortgage Company, LLC totaling a principal balance of $86,000.00 to purchase real property located at 25119 Parkcrest Drive, Murrieta, CA 92562. Plaintiff is informed, believes, and thereon alleges that Mr. Bonilla fraudulently misstated his monthly income as $10,800.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Bonilla defaulted on his payment

obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

39.     On or about January 4, 2007, Defendant LETICIA VALENZUELA obtained financing with Loan Number 0106708514-9502 from Argent Mortgage Company, LLC totaling a principal balance of $130,000.00 to refinance real property located at 1006 South Flower Street, Santa Ana, CA 92704. Plaintiff is informed, believes, and thereon alleges that Ms. Valenzuela fraudulently misstated her monthly income as $15,000.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Valenzuela defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

40.     On or about October 20, 2006, Defendant ANTONIA PEDRAZA obtained financing with Loan Number 0104575915-9501 from Argent Mortgage Company, LLC totaling a principal balance of $90,000.00 to purchase real property located at 17424 Fairview Road, Fontana, CA 92336. Plaintiff is informed, believes, and thereon alleges that Ms. Pedraza fraudulently misstated her monthly income as $7907.50 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Pedraza defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

41.     On or about December 8, 2006, Defendant BONNIE RHEA SCOTT obtained financing with Loan Number 0104973599-9505 from Argent Mortgage Company, LLC totaling a principal balance of $156,590.00 to purchase real property located at 16130 Skyridge Drive, Riverside, CA 92503. Plaintiff is

17

informed, believes, and thereon alleges that Ms. Scott fraudulently misstated her monthly income as $23,568.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Scott defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

42.     On or about February 22, 2007, Defendant ALBERTO PASILLAS obtained financing with Loan Number 11842243 from GE Money Bank totaling a principal balance of $110,600.00 to refinance real property located at 14744 Blackhawk Street, Mission Hills, CA 91345. Plaintiff is informed, believes, and thereon alleges that Mr. Pasillas fraudulently misstated his monthly income as $12,900.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Pasillas defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

43.     On or about September 26, 2006, Defendant JORGE VELASCO obtained financing with Loan Number 0102958790-9501 from Argent Mortgage Company, LLC totaling a principal balance of $90,000.00 to purchase real property located at 5930 Hereford Drive, Los Angeles, CA 90022. Plaintiff is informed, believes, and thereon alleges that Mr. Velasco fraudulently misstated his monthly income as $14,965.67 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Velasco defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

44.     On   or   about   February   16,   2007,   Defendant   JENNIE ARISMENDEZ obtained financing with Loan Number 0108263914-9506 from Argent Mortgage Company, LLC totaling a principal balance of $102,000.00 to purchase real property located at 13711 Flagstaff Street, La Puente, CA 91746. Plaintiff is informed, believes, and thereon alleges that Ms. Arismendez fraudulently misstated her monthly income as $9264.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Arismendez defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

45.     On or about February 2, 2007, Defendant PAUL RADWICH obtained financing with Loan Number 07010662 from Liberty American Mortgage, Corp., totaling a principal balance of $108,000.00 to purchase real property located at 112 Daylily Drive, Perris CA 92571.  Plaintiff is informed, believes, and thereon alleges that Mr. Radwich fraudulently misstated his monthly income as $8,818.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Radwich defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

46.     On or about September 28, 2006, Defendant MARY PEARSON obtained financing with Loan Number 11704763 from WMC Mortgage Corporation totaling a principal balance of $122,000.00 to purchase real property located at 3024 East Piedmont Drive, Highland, CA 92346.  Plaintiff is informed, believes, and thereon alleges that Ms. Pearson fraudulently misstated her monthly income as over $15,000.00 a month on her Uniform Residential Loan Application

19

1   and concealed her true income.  Plaintiff is the current holder of the mortgage note.

2   After the loan transaction, Ms. Pearson defaulted on her payment obligations and

3   refused the Plaintiff's request to fulfill her contractual obligation to re-verify the

4   information contained on her Uniform Residential Loan Application.

5         47.     On or about September 29, 2006, Defendant RONALD

6   CALVERO obtained financing with Loan Number 9115088 from Home Loan

7   Center, Inc. d/b/a Lending Tree Loans, totaling a principal balance of $120,000.00

8   to refinance real property located at 2030 Dorothy Street, West Covina, CA 91792.

9   Plaintiff is informed, believes, and thereon alleges that Mr. Calvero fraudulently

10  misstated his monthly income as $11,583.00 a month on his Uniform Residential

11  Loan Application and concealed his true income.  Plaintiff is the current holder of

12  the mortgage note.   After the loan transaction, Mr. Calvero defaulted on his

13  payment obligations and refused the Plaintiff's request to fulfill his contractual

14  obligation to re-verify the information contained on his Uniform Residential Loan

15  Application.

16        48.     On or about November 6, 2006, Defendants JOSE EDUARDO

17  PAVON and JENNIFER ANNE VON BIMA obtained financing with Loan

18  Number 10006092705 from Metropolian Bancorp totaling a principal balance of

19  $119,000.00 for a purchase money loan secured on real property located at 2257

20  Riverdale Avenue, Los Angeles, CA 90031.  Plaintiff is informed, believes, and

21  thereon alleges that Mr. Pavon and Ms. Von Bima fraudulently misstated their

22  monthly income as $15,400.00 a month on their Uniform Residential Loan

23  Application and concealed their true income.  Plaintiff is the current holder of the

24  mortgage note. After the loan transaction, Mr. Pavon and Ms. Von Bima defaulted

25  on their payment obligations and refused the Plaintiff's request to fulfill their

26  contractual obligation to re-verify the information contained on their Uniform

27  Residential Loan Application.

28

49.     On or about December 21, 2005, Defendant FRED ORTIZ obtained financing with Loan Number 0002011120 from Hic-star Corporation (aka AMPRO Mortgage Corporation) d/b/a Westworks Mortgage, totaling a principal balance of $95,000.00 to purchase real property located at 161, 171 West 17th Street, San Bernardino, CA 92405.  Plaintiff is informed, believes, and thereon alleges that Mr. Ortiz fraudulently misstated his monthly income as $8,600.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Ortiz defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

50.     On or about November 16, 2006, Defendant JORGE MORA obtained financing with Loan Number 0105236913-9506 from Argent Mortgage Company, LLC totaling a principal balance of $77,800.00 to purchase real property located at 26652 Hull Street, Romoland, CA 92585.  Plaintiff is informed, believes, and thereon alleges that Mr. Mora fraudulently misstated his monthly income as $8371.74 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Mora defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

51.     On or about February 2, 2007, Defendant SONIA NAVARRO obtained financing with Loan Number 0107474710-9505 from Argent Mortgage Company, LLC totaling a principal balance of $99,000.00 to purchase real property located at 5737 Birchwood Drive, Riverside, CA 92509.  Plaintiff is informed, believes, and thereon alleges that Ms. Navarro fraudulently misstated her monthly income as $8,800.00 a month on her Uniform Residential Loan

1   Application and concealed her true income.  Plaintiff is the current holder of the

2   mortgage note.   After the loan transaction, Navarro defaulted on her payment

3   obligations and refused the Plaintiff's request to fulfill her contractual obligation to

4   re-verify the information contained on her Uniform Residential Loan Application.

5       52.      On or about January 19, 2007, Defendant MONIQUE HEREDIA

6   obtained financing with Loan Number 0107447195-9501 from Argent Mortgage

7   Company, LLC totaling a principal balance of $106,000.00 to purchase real

8   property located at 479 Margaret Avenue, Los Angeles, CA 90022.  Plaintiff is

9   informed, believes, and thereon alleges that Ms. Heredia fraudulently misstated her

10  monthly income as $9,752.53 a month on her Uniform Residential Loan

11  Application and concealed her true income.  Plaintiff is the current holder of the

12  mortgage note.  After the loan transaction, Ms. Heredia defaulted on her payment

13  obligations and refused the Plaintiff's request to fulfill her contractual obligation to

14  re-verify the information contained on her Uniform Residential Loan Application.

15      53.      On or about October 18, 2006, Defendant OTILA MURRIETTA

16  obtained  financing  with  Loan  Number  11724781  from  WMC  Mortgage

17  Corporation totaling a principal balance of $99,000.00 to purchase real property

18  located at 5728 North Traymore Avenue, Azusa, CA 91702.  Plaintiff is informed,

19  believes, and thereon alleges that Ms. Murrietta fraudulently misstated her monthly

20  income as $11,750.00 a month on her Uniform Residential Loan Application and

21  concealed her true income.  Plaintiff is the current holder of the mortgage note.

22  After the loan transaction, Ms. Murrietta defaulted on her payment obligations and

23  refused the Plaintiff's request to fulfill her contractual obligation to re-verify the

24  information contained on her Uniform Residential Loan Application.

25      54.      On   or   about   September   22,   2006,   Defendant   GELENIE

26  QUIOCHO AMIGABLE obtained financing with Loan Number 0103208476-9509

27  from Argent Mortgage Company, LLC totaling a principal balance of $111,706.00

28

to purchase real property located at 11474 Bartlett Way, Fontana, CA 92337. Plaintiff is informed, believes, and thereon alleges that Ms. Amigable fraudulently misstated her monthly income as $13,045.92 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Amigable defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

55.    On or about October 27, 2006, Defendant AMANDA ESPINELLO obtained financing with Loan Number 0104288550-9505 from Argent Mortgage Company, LLC totaling a principal balance of $88,000.00 to purchase real property located at 7870 Arroyo Vista Avenue, Rancho Cucamonga, CA 91730. Plaintiff is informed, believes, and thereon alleges that Ms. Espinello fraudulently misstated her monthly income as $9,571.85 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Espinello defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

56.    On or about October 13, 2006, Defendant JORGE SIGUENZA obtained financing with Loan Number 11723700 from WMC Mortgage Corporation totaling a principal balance of $50,000.00 to purchase real property located at 2334 Pecos Court, Lancaster, CA 93535. Plaintiff is informed, believes, and thereon alleges that Mr. Siguenza fraudulently misstated his monthly income as $7078.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Siguenza defaulted on his payment obligations and refused the

Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

57.      On or about December 18, 2006, Defendant BLANCA RODAS obtained financing with Loan Number 0106347677-9506 from Argent Mortgage Company, LLC totaling a principal balance of $63,000.00 to purchase real property located at 879 North H Street, San Bernardino, CA 92410.  Plaintiff is informed, believes, and thereon alleges that Ms. Rodas fraudulently misstated her monthly income as $5600.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Rodas defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

58.      On  or  about  October  13,  2005,  Defendant  SEAN WOLFSWINKEL obtained financing with Loan Number 9742654 from CBSK Financial Group, Inc, d/b/a American Home Loans, totaling a principal balance of $44,000.00 to refinance real property located at 2470 Loveland Drive, Riverside, CA 92509.    Plaintiff is informed, believes, and thereon alleges that Mr. Wolfswinkel fraudulently misstated his monthly income as $20,000.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Wolfswinkel defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

59.      On  or  about  November  29,  2006,  Defendant  ALFREDO JIMENEZ obtained financing with Loan Number 11770980 from WMC Mortgage Corporation totaling a principal balance of $63,600.00 to purchase real property located at 18066 Catalpa Street, Hesperia, CA 92345.   Plaintiff is informed,

24

believes, and thereon alleges that Mr. Jimenez fraudulently misstated his monthly income as $8,500.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Jimenez defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

60.    On or about December 20, 2006, Defendant ELOISA PINEDA obtained financing with Loan Number 0106294234-9501 from Argent Mortgage Company, LLC totaling a principal balance of $69,000.00 to purchase real property located at 5918 Rutland Avenue, Riverside, CA 92503.  Plaintiff is informed, believes, and thereon alleges that Ms. Pineda fraudulently misstated her monthly income as $12,434.29 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Pineda defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

61.    On or about January 3, 2007, Defendant LEVIS RODRIGUEZ obtained financing with Loan Number 11811059 from GE Money Bank totaling a principal balance of $97,000.00 to purchase real property located at 3322 West 108th Street, Inglewood, CA 90303.  Plaintiff is informed, believes, and thereon alleges that Defendant Levis Rodriguez fraudulently misstated the monthly income as $10,800.00 a month on the Uniform Residential Loan Application and concealed their true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Defendant Levis Rodriguez defaulted on their payment obligations and refused the Plaintiff's request to fulfill their contractual obligation to re-verify the information contained on their Uniform Residential Loan Application.

62.    On or about November 14, 2006, Defendant MONICA ANGUIANO obtained financing with Loan Number 11718813 from WMC Mortgage Corporation totaling a principal balance of $68,000.00 to purchase real property located at 37742 Janus Drive, Palmdale, CA 93550. Plaintiff is informed, believes, and thereon alleges that Ms. Anguiano fraudulently misstated her monthly income as $7498.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Anguiano defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

63.    On or about December 14, 2006, Defendant SALOMON SOLIS obtained financing with Loan Number 42-0060 from Inter Mountain Mortgage totaling a principal balance of $65,250.00 to purchase real property located at 458 Ditman Avenue, Los Angeles, CA 90063. Plaintiff is informed, believes, and thereon alleges that Mr. Solis fraudulently misstated his monthly income as $8,500.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Solis defaulted on his payment obligations and refused the Plaintiff's request to fulfill his contractual obligation to re-verify the information contained on his Uniform Residential Loan Application.

64.    On or about February 1, 2007, Defendant MONIQUE HUEREQUE obtained financing with Loan Number 06054004 from Sterns Lending, Inc. totaling a principal balance of $50,300.00 to purchase real property located at 13500 Second Avenue, Victorville, CA 92395. Plaintiff is informed, believes, and thereon alleges that Ms. Huereque fraudulently misstated her monthly income as $10,000.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the

mortgage note. After the loan transaction, Ms. Huereque defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

65. On or about August 29, 2006, Defendant LOURDES VELAZQUES obtained financing with Loan Number 11676974 from WMC Mortgage Corporation totaling a principal balance of $71,400.00 to purchase real property located at 4216 Menlo Avenue, Los Angeles, CA 90037. Plaintiff is informed, believes, and thereon alleges that Ms. Velazques fraudulently misstated her monthly income as $7825.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Velazques defaulted on her payment obligations and refused the Plaintiff's request to fulfill her contractual obligation to re-verify the information contained on her Uniform Residential Loan Application.

FIRST CLAIM FOR RELIEF

(Breach of Contract)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Contract against Defendants, allege as follows:

66. Plaintiff repeats and repleads paragraphs 1 through 66 and incorporates the allegations by reference therein as though set forth below.

67. As described hereinabove in Paragraphs 20-66, Defendants entered loan agreements and executed promissory notes for the purchase of real property.

68. As described hereinabove, Defendants materially breached their agreements by refusing to re-verify the information provided on the Uniform Residential Loan Application.

27

69.    These were material breaches that have caused harm to Plaintiff and Plaintiff's injuries were natural, probable, and foreseeable consequences of Defendants' breaches of contract.

70.    As to each and every Defendant, Plaintiff seeks specific performance as to the following:

a)  Requiring each Defendant to sign a 4506-T Form for release of tax returns by the IRS for the tax year immediately precedeing the loan transaction for Defendant, the tax year of the loan transaction for each Defendant, and the tax year immediately after the loan transaction for each Defendant as Defendants agreed to provide pursuant to their Uniform Residential Loan Application.

b)  Proof of Primary Residency of the Real Property purchased in each loan transaction by each Defendant, which includes, but not limited to, a cable bill, a personal land-line telephone bill and/or homestead exemption form from the time the Defendant allegedly lived in the house as a primary residence.

71.    Plaintiff seeks specific performance as to each Defendant as alleged hereinabove in Paragraph 70.

ALL FOR WHICH PLAINTIFF SEEKS SPECIFIC PERFORMANCE AND OTHER RELIEF AS PRAYED.

## SECOND CLAIM FOR RELIEF
(Intentional Misrepresentation/Fraud)

COMES NOW PLAINTIFF and for a separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, alleges as follows:

72.   Plaintiff repeats and repleads paragraphs 1 through 71 and incorporates the allegations by reference as though fully set-forth herein.

73.   Defendants prepared and submitted a loan application to Lender to secure a loan for the purchase of their real properties.

74.   As alleged in Paragraphs 20-66, Plaintiff is informed, believes, and thereon alleges that Defendants intentionally misstated their employment information, their income, and/or intended use of the real property to be purchased on their loan applications to their Lender, for the purpose of inducing the Lender to provide the loans for the purchase or refinance of the Defendants' real property.

75.   Plaintiff is informed, believes, and thereon alleges that the loans given to Defendants were based on the fraud in the loan application and the promissory notes executed by the Defendants.

76.   At the time of the execution of the loan, Defendants failed to disclose to Lender that they did not and would not have been able to earn the amount of income as represented on the loan applications.

77.   Plaintiff is informed, believes, and thereon alleges that when the Defendants' loan was approved, the original lender had no reason to know of the true facts that Defendants' income was substantially less than the amount falsely stated on their loan application.   In addition, when Lender entered into the loan transaction, Defendants made affirmative written representations in the Deed of Trusts that:

"Borrower shall be in default if, during the Loan Application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or

inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning the Borrower's occupancy of the Property as Borrower's principal residence."

78.     As described above, Plaintiff is informed, believes, and thereon alleges that these representations, warranties, and covenants were false. Defendants knew that Lender relied on their false representations, warranties, and covenants in executing the loan. On information and belief, Defendants knew that Lender would not have made the loan without such representations, warranties, and covenants.

79.     In reasonable reliance upon the false statements of material fact, Lender entered into the Defendants loan transaction and made the loan to and/or for the benefit of Defendants. The loan would not have been approved nor paid had the Lender known the true facts. Had Defendants made all of proper disclosures called for in the loan application to Lender, including the true amount of income, Lenders would not have entered into the loan, nor would it have advanced any funds to Defendants.

80.     Lender's reliance on statements, concealment, and non-disclosures made by Defendants were reasonable and justified because, among other things, on information and believe, Defendants certified the truth of the statements in the loan application submitted, and Defendants further agreed that "the Lender....may continuously rely on the information contained in the application...."

81.     Lender reasonably and detrimentally relied upon the false statements, concealments, and non-disclosures of material fact caused by the Defendants' wrongful conduct. Plaintiff, as successor in interest to Lender, has suffered damages to the recently discovered fraud. Plaintiff seeks damages to each Defendant as per Paragraph 96.

1     ALL   FOR   WHICH   PLAINTIFF   SEEKS   DAMAGES   AND   OTHER

2   RELIEF AS PRAYED.

3   THIRD CLAIM FOR RELIEF

4   (Fraudulent Concealment)

5     COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR

6   RELIEF for Fraudulent Concealment against Defendants, allege as follows:

7     82.  Plaintiff repeats and repleads paragraphs 1 through 81 and

8   incorporates the allegations by reference therein as though set forth below.

9     83.  Defendants concealed or suppressed material facts as alleged

10  above, including the concealment of their accurate income, employment, and their

11  purpose of purchasing the property.

12    84.  The information concealed by Defendants were material facts that

13  the Defendant was bound to disclose and concealed by making false statements to

14  the Lender on their loan application.

15    85.  Plaintiff is informed, believes, and thereon alleges that Defendants

16  concealed or suppressed these facts with the intent to defraud and induce their

17  original lender to act as alleged above.  At the time, the original lender was

18  unaware of the concealed or suppressed facts and would not have taken the action

19  if Lender had known these facts.

20    86.  Lender's reliance on statements, concealment, and non-disclosures

21  made by Defendants were reasonable and justified because, among other things, on

22  information and believe, Defendants certified the truth of the statements in the loan

23  application submitted, and Defendants further agreed that "the Lender....may

24  continuously rely on the information contained in the application...."

25    87.  The concealment and non-disclosure of material facts by

26  Defendants have caused injury to the Plaintiff.

27

28

31

88.     As successor in interest to Lender, Plaintiff has suffered damages as stated in Paragraph 96 of this Complaint as per each Defendant and seeks same damages as per each Defendant for this Fraudulent Concealment cause of action.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

### FOURTH CLAIM FOR RELIEF

(Negligent Misrepresentation)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Negligent Misrepresentation against Defendants, alleges as follows:

89.     Plaintiff repeats and repleads paragraphs 1 through 88 and incorporates the allegations by reference therein as though set forth below.

90.     As alleged above, Plaintiff is informed, believes, and thereon alleges that Defendants misstated their income on their Uniform Residential Loan Applications about the material facts relating to their true income, their employment, and/or whether the real property would be used as a primary residence.

91.     Defendants had no reasonable ground to believe the amount of income, employment information and/or the intended purpose of the real property to be purchased, would be true.

92.     The false statements made by Defendants were made with the intent to induce the Lender to act on reliance of their representations.

93.     As alleged above, the original lender had justifiable reliance upon the statements of Defendants, especially after the Defendants certified the truthfulness of their statements on the loan application.

94.     As successor in interest to Lender, Defendants' conduct has harmed the Plaintiff.

32

95.     Because of the harm caused by Defendants, Plaintiff seeks damages for this claim as detailed in Paragraph 96.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

<u>DAMAGES</u>

96.     In total, Plaintiff seeks damages from each Defendant as detailed below:

      a)     Defendant James Hague in the amount of $175,000.00 in actual damages, $350,000.00 in punitive damages for a total damages amount of $525,000.00.

      b)     Defendant Charlene Chao in the amount of $125,000.00 in actual damages, $250,000.00 in punitive damages for a total damages amount of $375,000.00.

      c)     Defendants Jeffery Tomazin and Priscilla Tomazin, jointly and separately, for $110,000.00 in actual damages and $220,000.00 in punitive damages for a total damages amount of $330,000.00.

      d)     Defendant Maria Carbajal for $112,800.00 in actual damages and $225,600.00 in punitive damages for a total damages amount of $338,400.00.

      e)     Defendant Ephraim Kiama for $92,000.00 in actual damages and $184,000.00 in punitive damages for a total damages amount of $276,000.00.

f)      Defendant Evie Liwe for $77,526.00 in actual damages and $155,052.00 in punitive damages for a total damages amount of $232,578.00.

g)      Defendant Remus Eppie for $99,000.00 in actual damages and $198,000.00 in punitive damages for a total damages amount of $297,000.00.

h)      Defendant Silvia Salmeron for $99,000.00 in actual damages and $198,000.00 in punitive damages for a total damages amount of $297,000.00.

i)      Defendant Patrick Ogden for $79,800.00 in actual damages and $159,600.00 in punitive damages for a total damages award of $239,400.00.

j)      Defendant Veronica Conklin for $150,000.00 in actual damages, $300,000.00 in punitive damages for a total damages amount of $450,000.00.

k)      Defendants Claudia Tovar and Sergio Tovar, jointly and separately, for $121,000.00 in actual damages and $242,000.00 in punitive damages for a total damages amount of $363,000.00.

l)      Defendant Emilio Villarreal for $102,000.00 in actual damages and $204,000.00 in punitive damages for a total damages amount of $306,000.00.

m)      Defendant Moradali Amirinegar for $82,500.00 in actual damages and $165,000.00 in punitive damages for a total damages award of $247,500.00.

n)   Defendant Martha Rocha for $83,900.00 in actual damages and $167,800.00 in punitive damages for a total damages amount of $251,700.00.

o)   Defendants Bertha Cortes and Miguel Cortes Ferral for $102,000.00 in actual damages and $204,000.00 in punitive damages for a total damages amount of $306,000.00.

p)   Defendant Mina Shahab for $153,000.00 in actual damages and $306,000.00 in punitive damages for a total damages amount of $459,000.00

q)   Defendant Myra Popp Figueroa for $104,000.00 in actual damages and $208,000.00 in punitive damages for a total damages amount of $312,000.00.

r)   Defendant Victor Bonilla for $86,000.00 in actual damages and $172,000.00 in punitive damages for a total damages amount of $258,000.00.

s)   Defendant for Leticia Valenzuela for $130,000.00 in actual damages and $260,000.00 in punitive damages for a total damages amount of $390,000.00.

t)   Defendant Antonia Pedraza for $90,000.00 in actual damages and $180,000.00 in punitive damages for a total damages amount of $270,000.00.

u)   Defendant Bonnie Rhea Scott for $156,590.00 in actual damages and $313,180.00 in punitive damages for a total damages amount of $469,770.00.

v)    Defendant Alberto Pasillas for $110,600.00 in actual damages and  $221,200.00 in punitive damages for a total damages amount of $331,800.00.

w)    Defendant Jorge Velasco for $90,000.00 in actual damages and $180,000.00 in punitive damages for a total damages amount of $270,000.00.

x)    Defendant Jennie Arismendez for $102,000.00 in actual damages and $204,000.00 in punitive damages for a total damages amount of $306,000.00.

y)    Defendant Paul Radwich for $108,000.00 in actual damages and  $216,000.00 in punitive damages for a total damages amount of $324,000.00.

z)    Defendant Mary Pearson for $122,000.00 in actual damages and $244,000.00 in punitive damages for a total damages amount of $366,000.00.

aa)    Defendant Ronald Calvero for $120,000.00 in actual damages and $240,000.00 in punitive damages for a total damages amount of $360,000.00.

bb)    Defendants Jose Pavon and Jennifer Von Bima, jointly and separately, for $119,000.00 in actual damages and $238,000.00 in punitive damages for a total damages amount of $357,000.00.

cc)    Defendant Fred Ortiz for $95,000.00 in actual damages and $190,000.00 in punitive damages for a total damages amount of $285,000.00.

dd)   Defendant Jorge Mora for $77,800.00 in actual damages and $155,600.0 in punitive damages for a total damages award of $233,400.00.

ee)   Defendant Sonia Navarro for $99,000.00 in actual damages and $198,000.00 in punitive damages for a total damages award of $297,000.00.

ff)   Defendant Monica Heredia for $106,000.00 in actual damages, $212,000.00 in punitive damages for a total damages award of $318,000.00.

gg)   Defendant Otila Murrietta for $99,000.00 in actual damages and $198,000.00 in punitive damages for a total damages award of $297,000.00.

hh)   Defendant Gelenie Amigable for $111,706.00 in actual damages and $223,412.00 in punitive damages for a total damages award of $335,118.00.

ii)   Defendant Amanda Espinello for $88,000.00 in actual damages and $176,000.00 in punitive damages for a total damages award of $264,000.00.

jj)   Defendant James Taylor for $92,000.00 in actual damages and $184,000.00 in punitive damages for a total damages award of $276,000.00.

kk)   Defendant Jorge Siguenza for $50,000.00 in actual damages and $100,000.00 in punitive damages for a total damages award of $150,000.00.

ll)   Defendant BLANCA RODAS for $63,000.00 in actual damages and $126,000.00 in punitive damages for a total damages amount of $189,000.00

37

mm)  Defendant Sean Wolfswinkel for $44,000.00 in actual damages and $88,000.00 in punitive damages for a total damages award of $132,000.00.

nn)  DEFENDANT Alfredo Jimenez for $63,600.00 in actual damages and $127,200.00 in punitive damages for a total damages award of $190,000.00.

oo)  Defendant Eloisa Pineda for $69,000.00 in actual damages and $138,000.00 in punitive damages for a total damages award of $207,000.00.

pp)  Defendant Levis Rodriguez for $97,000.00 in actual damages and $194,000.00 in punitive damages for a total damages amount of $291,000.00.

qq)  Defendant Monica Anguiano for $68,000.00 in actual damages and $136,000.00 in punitive damages for a total damages award of $204,000.00.

rr)  Defendant Salomon Solis for $65,250.00 in actual damages and $130,500.00 in punitive damages for a total damages award of $195,750.00.

ss)  Defendant Monique Huereque for $50,300.00 in actual damages and $100,600.00 in punitive damages for a total damages award of $150,900.00.

tt)  Defendant Lourdes Velazques for $71,400.00 in actual damages and $142,800.00 in punitive damages for a total damages award of $214,200.00.

## PRAYER FOR RELIEF

1    97.    WHEREFORE, Plaintiff asks that the Defendants be cited to
2  appear and answer and that the Plaintiff be awarded damages, attorney's fees,
3  specific performance, and any and all other relief.

4

5

6  DATED: December 10, 2009                    JUSTIN RYAN

7

8                                      By: /s/   _____
9                                         Justin Ryan
                                          The Law Office of Justin T. Ryan
10                                        Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Heritage Pacific Financial v. Hague, Et. al.
COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br><br>HERITAGE PACIFIC FINANCIAL, LLC<br>D/B/A HERITAGE PACIFIC FINANCIAL | DEFENDANTS<br><br>JAMES HAGUE, ET. AL.<br><br>(See attached sheet) |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Law Office of Justin T. Ryan<br>Justin T. Ryan, Esq.<br>2534 State Street, Ste. 404, San Diego, CA 92101<br>Tel. (619) 822-2533 | Attorneys (If Known)<br><br>Currently Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III.)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $_____ see attached list

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

### SACV09-01466 AG (RNBx)

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Texas |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ~~Please see attached list~~ *Los Angeles/ Riverside/ Orange* |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ~~Please see attached list~~ *Los Angeles/ Riverside/ Orange* |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *Dustin Rg*        Date  *12/10/2009*

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based upon disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV09- 1466 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.