Stacy Joel Safion, Esq.(SBN 167481)
Stacy@Law.gs (E-Mail)
30011 Ivy Glenn Drive, Suite 121
Laguna Niguel, CA 92677-5016
(949) 347-0300 (Voice)
(949) 363-1306 (Facsimile)

Attorney for Defendant and Cross-Complainant
Paul Radwich

FILED 2010 JAN -4 PM 1:05 U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heritage Pacific Financial, LLC dba Heritage Pacific Financial,<br><br>Plaintiff,<br><br>v.<br><br>Paul Radwich, et al.<br><br>Defendants. | Case Number:<br><br>SACV09-01466 AG (RNBx)<br><br>CROSS COMPLAINT OF PAUL RADWICH FOR EQUITABLE RELIEF<br><br>1. Indemnity<br>2. Apportionment<br>3. Declaratory Relief<br>4. Contribution |
| Paul Radwich,<br><br>Cross-Complainant<br><br>v.<br><br>Wells Fargo, N.A., Nicole Lopez<br><br>Cross-Defendants | |

The Cross-Complainant Paul Radwich (hereinafter "Cross-Complainant") alleges as follows:

1. Cross-Complainant is an individual residing in Riverside County, CA.

1

**CROSS-COMPLAINT OF PAUL RADWICH**

2. Cross-Defendant Wells Fargo (hereinafter "Wells Fargo" is a corporation licensed to do business in California and within the jurisdiction of this Court.

3. Cross-Defendant Nicole Lopez (hereinafter "Lopez") is an individual residing in Riverside County, CA and within the jurisdiction of this Court.

4. Cross-Complainant is informed and believes and thereon alleges that, at all times mentioned herein, Defendants, were the agent, partner, co-developer, joint venturer, and employee of each of the remaining Defendants and were at all times herein mentioned, acting within the course and scope of such agency and employment.

## GENERAL ALLEGATIONS

5. Cross-Complainant realleges and incorporates by reference the allegations contained in all prior paragraphs as if stated herein again.

6. At all times herein mentioned, Wells Fargo was a lending institution licensed by the State of California and the Federal Government to make loans on the purchase of residential homes.

7. At all times herein mentioned, Lopez was a "Home Mortgage Associate" for Wells Fargo. In her capacity as "Home Mortgage Associate," Lopez was a loan agent fOR Wells Fargo.

8. In this capacity as loan agent, Lopez would solicit loans for Wells Fargo from perspective home purchasers. Additionally, Lopez would assist perspective lenders in explaining the loan process and in helping fill out loan documents.

9. In 2007, the Cross-Complainant desired to purchase a newly constructed home located at 112 Daylily Drive, Perris, CA.

10. Lopez was an on-site loan agent for Wells Fargo who was soliciting home loans at the site of the construction of these new homes.

11. Lopez convinced Cross-Complainant to submit a new home loan through Wells Fargo.

12. Cross-Complainant did in fact submit a loan application to Wells Fargo through Lopez.

13. In doing so, Lopez and Wells Fargo were made aware of Cross-Complainant's true income and assets.

14. Lopez then informed Cross-Complainant that because of Cross-Complainant's credit, Wells Fargo could not completely finance the home loan themselves. Lopez informed Cross-Complainant that Cross-Complainant would need a second loan on the property for the balance of the purchase price.

15. Lopez indicated to Cross-Complainant that she could get a second loan on the property for the Cross-Complainant.

16. As a consequence, Lopez filled out an application on behalf of the Cross-Complainant. In completing this loan application, Lopez fraudulently increased the income of Cross-Complainant so that Cross-Complainant could qualify for a loan to purchase the property.

17. Said change to Cross-Complainant's income was done without Cross-Complainant's knowledge or consent.

18. This loan application with the fraudulent information was submitted to Liberty Mortgage Corp. by Lopez and Wells Fargo.

19. The second loan was ultimately approved and Liberty Mortgage lent to Cross-Complainant $108,000.00. Cross-Complainant was therefore able to purchase the home.

20. Cross-Complainant did not meet or talk to anyone from Liberty Mortgage about this loan, its application, or its contents prior to funding of the loan.

21. Cross-Complainant only dealt with Lopez and Wells Fargo on both the Wells Fargo and Liberty Mortgage loans.

22. At some point in time, the Liberty Mortgage loan was sold to the Plaintiff in the instant action.

23. Due to economic conditions beyond the control of Cross-Complainant, Cross-Complainant was unable to make mortgage payments on the 1st and 2nd mortgages on the property. As a result, the 1st trust deed holder, Wells Fargo, non-judicially foreclosed on the property.

24. As a result, the Plaintiff filed the instant action against the Cross-Complainant.

25. Plaintiff alleges that Cross-Complainant's application was fraudulent in that Plaintiff claims that

3

**CROSS-COMPLAINT OF PAUL RADWICH**

1. Cross-Complainant overstated his income.

26. This allegation of fraud by Plaintiff is an attempt to get around the anti-deficiency statutes which would prevent the Plaintiff from recovery on the Liberty Mortgage loan.

## FIRST CAUSE OF ACTION

### (FOR INDEMNITY AS AGAINST ALL CROSS-DEFENDANTS)

27. Cross-Complainant realleges and incorporates by reference the allegations contained in all prior paragraphs as if stated herein again.

28. Plaintiff filed a complaint herein against Cross-Complainants seeking damages for Breach of Contract; Intentional Misrepresentation, Fraudulent Concealment and Negligent Misrepresentation.

29. If Cross-Complainant sustained damages as alleged in Plaintiff's complaint, these damages were caused, entirely or in part, by Cross-Defendants.

30. If Cross-Complainant is found in some manner responsible to Plaintiff or to anyone else in this matter as result of the incidents and occurrences described in Plaintiff's complaint, which is incorporated herein, in its entirety, for the sole and exclusive purpose of stating the causes of action alleged in this cross-complaint, said liability would be based solely upon a derivative form of liability not resulting from Cross-Complainant's conduct, but only from an obligation imposed by law and therefore, Cross-Complainant would be entitled to complete indemnity from each Cross-Defendant.

## SECOND CAUSE OF ACTION

### (APPORTIONMENT AGAINST ALL CROSS-DEFENDANTS)

31. Cross-Complainant realleges and incorporates by reference the allegations contained in all prior

4

**CROSS-COMPLAINT OF PAUL RADWICH**

paragraphs as if stated herein again.

32. Cross-Complainant is informed and believed that each Cross-Defendant was responsible, in whole or in part, for injuries, if any, suffered by Plaintiff. If judgment is taken against Cross-Complainant, each and every Cross-Defendant should be required:

    a. to pay a share of Plaintiff's judgment which is in proportion to Cross-Defendants' comparative negligence or other tortuous conduct of that Cross-Defendant in causing Plaintiff's damages, and

    b. To reimburse Cross-Complainant for any payments made to Plaintiff in excess of Cross-Complainant's proportional share of all Cross-Defendants' negligence or other tortuous conduct.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF AGAINST ALL CROSS-DEFENDANTS AND ROES 1-10, 21-30)

33. Cross-Complainant realleges and incorporates by reference the allegations contained in all prior paragraphs as if stated herein again.

34. Presently, a dispute and controversy exists over the rights, liabilities and duties of the various parties herein. Cross-Complainant seeks a judicial determination of the rights and liabilities of the parties herein.

## FOURTH CAUSE OF ACTION

## (FOR CONTRIBUTION AS AGAINST ALL CROSS-DEFENDANTS)

35. Cross-Complainant realleges and incorporates by reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Cross-Complaint.

36. Under presently applicable Federal and California law, the amount of liability of Cross-Defendants must be ascertained by the trier of fact in any trial of this matter in order to determine the extent, if any, of the liability of Cross-Complainant to Plaintiff in the main action.

37. Under presently applicable California law, if recovery is denied to Cross-Complainant on their First Cause of Action herein and if Cross-Complainant is found to be liable under the allegations of Plaintiffs Complaint in the main action herein, then Cross-Complainant is entitled to a determination by the trier of fact of the proportion of liability between Cross-Complainant and Cross-Defendants that proximately caused any injury or damage which the trier of fact finds that the Plaintiff in the main action herein sustained; and a further determination that there is a right of contribution between Cross-Complainant and Cross-Defendants with regard to any judgment awarded against Cross-Complainant in the main action herein.

38. A controversy exists between Cross-Complainant and Cross-Defendants as to which, if any, of the parties to this Cross-Complaint are liable to Plaintiff in the main action herein and as to the proportion of liability and the amount of contribution to be attributed to Cross-Defendants, and each of them, if Cross-Complainant is found to be liable to Plaintiffs in the main action herein. If the amount of liability, if any, of Cross-Complainant and Cross-Defendants is not determined and apportioned in the cross-action, it will be necessary for a separate action to be filed for the purpose of making such determination, resulting in a multiplicity of actions and inconvenience to the Court, counsel, parties and witnesses.

Wherefore, Cross-Complainant pray as follows:

## FIRST CAUSE OF ACTION

1. Damages and contribution according to proof;
2. Prejudgment Interest at the rate of ten (10) percent.
3. For costs of the suit.
4. For reasonable attorney fees.
5. For any other relief the court may deem as just and proper.

SECOND CAUSE OF ACTION

1. Damages and apportionment according to proof;
2. Prejudgment Interest at the rate of ten (10) percent.
3. For costs of the suit.
4. For reasonable attorney fees.
5. For any other relief the court may deem as just and proper.

THIRD CAUSE OF ACTION

1. Damages according to proof;
2. Declaratory relief from the Court.
3. Prejudgment Interest at the rate of ten (10) percent.
4. For costs of the suit.
5. For reasonable attorney fees.
6. For any other relief the court may deem as just and proper.

FOURTH CAUSE OF ACTION

1. Damages and indemnity according to proof;
2. Prejudgment Interest at the rate of ten (10) percent.
3. For costs of the suit.
4. For reasonable attorney fees.
5. For any other relief the court may deem as just and proper.

\\

\\

\\

\\

AS TO ALL CAUSES OF ACTION:

1. For costs of the suit.

2. Reasonable attorney fees.

3. Interest at the rate of ten (10) percent per annum.

4. For such other further relief as the court may deem just and proper.

Dated: January 2, 2010

_____
Stacy Joel Safion
Attorney for Defendant and Cross-Defendant
Paul Radwich

## PROOF OF SERVICE BY MAIL

I, Stacy Joel Safion, declares:

I am over age 18, not a party to this action, and am employed at 30011 Ivy Glenn Drive, Laguna Niguel, California

As follows I am "readily familiar'. with the firm's practice of collection and processing correspondence for mailing Under that practice it would be deposited with U S. postal service on that same day with postage thereon fully prepaid at Laguna Niguel, California in the ordinary course of business I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

On January 4, 2010, following ordinary business practices, I placed for collection and mailing at 30011 Ivy Glenn Drive, Laguna Niguel, California, a copy of the attached:

Document: Cross Complaint of Defendant Paul Radwich

on:
Justin Ryan, Esq.
Law Office of Justin Ryan
2534 State Street, Suite 404
San Diego, CA 92101


I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 4, 2010