MARTIN E. DACK (Bar No. 196068)
JAYSON Q. MARASIGAN (Bar No. 227225)
DACK MARASIGAN, LLP
23041 Avenida de la Carlota, Suite 300
Laguna Hills, California 92653
Telephone: (949) 206-9848
Facsimile: (949) 206-9851

Attorneys for Defendant Charlene Y. Chao

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAC PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HAGUE, et al.,<br><br>Defendants. | CASE NO. SACV 09-01466 (RNBx)<br><br>**DEFENDANT CHARLENE Y. CHAO'S ANSWER TO COMPLAINT**<br><br>[JURY DEMAND]<br><br>Complaint Filed: December 11, 2009 |

Defendant Charlene Y. Chao, sued as Charlene Chao (hereafter referred to as "Defendant"), answers the complaint of Plaintiff Heritage Pacific Financial, LLC d/b/a Heritage Pacific Financial as follows:

Defendant admits the allegation in paragraph 3b of Plaintiff's complaint but alleges that she is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph and, on that basis, denies each and every other allegation contained therein.

Defendant admits the allegation in paragraph 21 of Plaintiff's complaint that Defendant obtained financing totaling a principal balance of $125,000 to purchase real property located at 14373 Wolfhound St., Corona, CA 92880, but denies the remainder of the allegations in paragraph 21.

Defendant alleges that she is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 4, 5, 8-11, 15-18, 20, 22-65, 67, and 73, as the allegations pertain to other borrowers in addition to Defendant.

Defendant repeats and re-pleads her admissions, denials, and allegations regarding knowledge in response to paragraphs 66, 72, 82, and 89.

Defendant denies the allegations in paragraphs 6, 7, 12-14, 19, 68-71, 74-81, 83-88, and 90-97.

Defendant further submits the following special affirmative defenses in response to the complaint:

### FIRST AFFIRMATIVE DEFENSE
### (FAILS TO STATE FACTS)

The complaint and each cause of action stated therein against Defendant fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

The complaint and each cause of action therein are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiff is estopped from asserting any and all claims in the complaint against Defendant based upon statements, actions, representations, and conduct of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (NO DAMAGE)

Defendant alleges that Plaintiff suffered no damage in its dealings with Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

Plaintiff has failed to mitigate whatever damages, if any, it has suffered (Defendant

denies that Plaintiff has suffered any damages).

## SIXTH AFFIRMATIVE DEFENSE
### (NOT ENTITLED TO SPECIFIC PERFORMANCE)

Plaintiff is not entitled to any order of specific performance, as alleged in its complaint, under the laws of the State of California.

## SEVENTH AFFIRMATIVE DEFENSE
### (THIRD PERSONS' COMPARATIVE FAULT/NEGLIGENCE)

At all times mentioned in the complaint, the incident(s), injuries and damages alleged therein were either wholly or in part proximately caused by the negligence and fault of persons, firms, corporations, or entities other than Defendant and the negligence of such other persons, firms, corporations, and/or entities comparatively reduces the percentages of negligence or breach if any, attributed to said Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (PROXIMATE CAUSE)

Even assuming for the sake of argument that Defendant has acted or failed to act as alleged in the complaint (which Defendant denies and only makes such assumption for purpose of this defense), such acts or failures to act are not the proximate cause of any damage alleged in the complaint.

## NINTH AFFIRMATIVE DEFENSE
### (EXCUSE)

Any alleged acts, errors, or omissions which Plaintiff alleges in its complaint constitute a violation of law or breach of duty were excused (Defendant denies any violation of law or breach of duty).

## TENTH AFFIRMATIVE DEFENSE
### (UNCERTAIN)

Defendant alleges that the complaint and each and every cause of action contained in it is uncertain in that it cannot be ascertained from the allegations of the complaint any facts constituting an actionable claim against Defendant, or any facts sufficient to allege

1  proximate causation of injury to Plaintiff and/or any facts sufficient to allege damage to
2  Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE
### (CONSENT)

Plaintiff at all times gave consent, express or implied to the alleged acts, omissions, and conduct of Defendant (which acts, omissions, and conduct alleged in the complaint this Defendant denies).

### TWELFTH AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiff is barred from recovery against Defendant by operation of the Doctrine of Laches.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

Plaintiff is barred from seeking relief, at law or equity, under the Doctrine of Unclean Hands.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (WAIVER)

By conduct, representations and omissions, the Plaintiff has waived, relinquished, abandoned, and is equitably estopped to assert, any claim for relief against Defendant respecting the matters that are the subject of the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (STATUTE OF FRAUDS)

The complaint is barred by the Statute of frauds as set forth in *California Civil Code* §1624.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (PLAINTIFF'S FAILURE TO PERFORM)

Any failure by Defendant to perform any obligations described in the complaint, each alleged cause of action therein which supposition is not admitted by Defendant, but is

merely stated for the purposes of this affirmative defense, resulted from and was proximately caused by Plaintiff's failure to perform its own obligations. Plaintiff's failure to perform its obligations excused any performance and any of Defendant's obligations.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (FAILURE TO JOIN INDISPENABLE PARTY)

Defendant alleges that the complaint fails to join all necessary parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (ANSWERING DEFENDANT PERFORMED ALL CONDITIONS)

Defendant has performed all conditions, covenants, and promises required to be performed by Defendant in accordance with the terms of the purported contract.

### NINETEENTH AFFIRMATIVE DEFENSE
### (LACK OF GOOD FAITH AND FAIR DEALING)

Defendant is informed and believes, and based thereon alleges, that the Plaintiff failed to act in good faith and fair dealing in the performance and enforcement of the contract.

### TWENTIETH AFFIRMATIVE DEFENSE
### (FAILURE OF CONSIDERATION)

Defendant alleges that its obligations, if any, under the alleged contract, which supposition is not admitted by the Defendant but is merely stated for the purposes of this affirmative defense, are excused due to a failure of consideration from Plaintiff to Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (PRIOR MATERIAL BREACH BY PLAINTIFF)

Defendant alleges that its obligations, if any, under the alleged contract, which supposition is not admitted by Defendant but is merely stated for the purposes of this affirmative defense, are excused due to a prior material breach of contract on the part of the Plaintiff.

///

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## (IMPOSSIBILITY AND IMPRACTICABILITY)

Defendant alleges that its performance under the alleged contract, which supposition is not admitted by the Defendant but is merely stated for the purposes of this affirmative defense, was relieved because of impossibility and impracticability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## (NOVATION)

The complaint is barred and fails to state a cause of action by reason of the provisions of sections 1530, et seq., of the California Civil Code concerning novation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## (ACCORD AND SATISFACTION)

The complaint is barred and fails to state a cause of action by reason of the provisions of sections 1521, et seq., of the California Civil Code concerning accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (FINANCIAL AND PRIVACY PRIVILEGE)

Plaintiff's demand for Defendant's tax returns unlawfully violates Defendant's statutory privilege and constitutional right to privacy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (LENDER FAILED TO EXERCISE REASONABLE CARE)

Plaintiff's complaint is improper as Plaintiff, or its predecessor, failed to exercise reasonable care in funding the loan to begin with.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
## (ANTI-DEFICIENCY)

Plaintiff's complaint is bared by California Code of Civil Procedure section 580, et seq.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form

a belief as to whether it may have additional, as yet unstated affirmative defenses available. Defendant hereby reserves the right to assert additional affirmative defenses in the event that discovery indicates that they are appropriate.

## JURY DEMAND

Defendant Charlene Y. Chao hereby demands trial by jury.

**WHEREFORE**, the Defendant prays as follows:

1. That the complaint herein be dismissed with prejudice;
2. That Plaintiff takes nothing by way of its complaint;
3. That Defendant be awarded its costs of suit incurred herein, including reasonable attorney's fees as allowed by law and/or contract; and
4. For such other and further relief as the Court deems just and proper.

DATED: February 4, 2010

DACK MARASIGAN, LLP
MARTIN E. DACK
JAYSON Q. MARASIGAN

By: /s/ Jayson Marasigan
JAYSON Q. MARASIGAN
Attorneys for Defendant Charlene Y. Chao