Marilyn S. Yee SBN 096249
Law Office of Marilyn S. Yee
29910 Murrieta Hot Springs Road
Suite G-533
Murrieta, California 92563
(951) 926-7900, 848-9992-fax
Email: myeeatty@yahoo.com

Attorney for Defendants, Jose Eduardo Pavon and Jennifer Anne Von Bima

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heritage Pacific Financial LLC,<br>DBA Heritage Pacific Financial,<br>A Texas Limited Liability Company,<br>Plaintiff,<br><br>vs.<br><br>James Hague, Charlene Chao; Jeffrey Tomazin, Priscilla Tomazin; Maria Soila Carbajal, Ephraim Kiama, Evie Liwe, James Taylor, Remus Eppie, Patrick Ogden, Silvia Elizabeth Salmeron, Veronica Conklin, Emilia Villarreal, Moradali Amirinegar, Martha Rocha, Mina Shahab, Myra Popp Figueroa, Victor Bonilla, Leticia Valenzuela, Antonia Pedraza, Bonnie Rhea Scott, Alberto Pasillas, Jorge Velasco, Jennie Arismendez, Paul Radwich, Mary Pearson, Ronald Calvero, Jose Eduardo Pavon, Jennifer Anne Von Bima, Fred Ortiz, Jorge Mora, Sonia Navarro, Monique Heredia, Otila Murrietta, Gelenie Quiocho Amigable, Amanda Espinello, Claudia Tovar, Sergio Tovar, Bertha Cortes, Miguel Cortes Ferral, Jorge Siguenza, Blanca Rodas, Sean Wolfswinkel, Alfredo Jimenez, Eloisa Peneda, Levis Rodrigues, Monica Anguiano, Salomon Solis, Monique Huereque, Lourdes Velazques,<br><br>Defendants | Case No.SACV09-01466AG (RNBx)<br><br>**DEFENDANTS' NOTICE OF MOTION, AND MOTION TO SET ASIDE DEFAULT (F.R.C.P. 55 (C) AND 60 (B) AND MOTION TO SEVER (F.R.C.P. 20 (a) and 21)**<br><br>**Date: May 10, 2010**<br>**Time: 10:00 a.m.**<br>**Courtroom: 10 D** |

TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 10, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10-D of the above entitled court located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendants, JOSE EDUARDO PAVON and JENNIFER VON BIMA will move the court pursuant to *Federal Rules of Civil Procedure* Rule 55 (c), 60(b), and 21 for an order setting aside the default, and severing this case from all other Defendants.

The motion will be based on the attached Notice of Motion, Memorandum of Points and Authorities and written documents filed with the court, and oral arguments of counsel.

Dated: April 7, 2010        Law Offices of Marilyn S. Yee

By _____
     Marilyn S. Yee
     Attorney for Defendants, Jose Eduardo Pavon
     And Jennifer Von Bima

## MEET AND CONFER COMPLIANCE

I)    On January 25, and February 2, 2010, I requested an extension of time to respond to Plaintiff's complaint, in order that we could conduct our due diligence to confirm that Plaintiff owns the debt that is allegedly owed by Defendants.

Counsel did not respond to my requests, and entered Defendants' default on February 1, 2010. On February 2, 2010, I faxed counsel a written request to set aside the default. Counsel responded by serving Defendants a notice to appear at a hearing to enter a default judgment. The hearing was vacated due to the Plaintiff's filing of insufficient pleadings, and notice was not timely. Counsel for Plaintiff continues to refuse to set aside the default.

II)     On or about February 23, 2010, Mike Corfield was substituted for Justin Ryan, as Plaintiff's counsel. Mr. Corfied agreed to stipulate to set aside the default, and a stipulation was faxed to Mr. Corfield's office on February 24, 2010.

III. An email was sent by Mr. Corfield on March 3, 2010, advising that he was substituting out of the case, and that Brad Mokri was the new counsel. Mr. Mokri then agreed on March 8, 2010, that he would execute a stipulation to set aside the default, as soon as his substitution was processed, and a stipulation was faxed to Mr. Mokri on March 15, 2010.

III.     As of the current date no stipulation from any of the above counsel has been executed as agreed.

## MEMORANDUM OF POINTS AND AUTHORITIES

    A.  History of the Case

    The lender, Metropolitan Bancorp, hereafter "Metropolitan" held a loan secured by a first deed of trust for $476,000, and the loan that is the subject of this action, for $119,000 secured by a second deed of trust on the property located at 2257 Riverdale Avenue, Los Angeles, California 90031. Metropolitan, pursuant to the power of sale under the first deed of trust, sold the subject property at a trustee's sale in May 2008. Defendants were served with this complaint on December 30, 2009.

    Defendants executed a loan application that contained certain financial information relating to their debt and income. The pages of the loan application after the application was executed by Defendants, relating to income were replaced by the loan agent, Miguel Mario Gutierrez, with false information without Defendants' consent and knowledge. Further the loan payments were to be made by Joaquin Serrano, and Luz Maria Guzman, who resided in

the subject property. Title to the subject property was later transferred to the children of Joaquin Serrano, who are Winfred Serrano, and Anna Christine Rojas.

Defendants received documents from Plaintiff on January 21, 2010. Defendants were unable to verify that Plaintiff was the successor in interest to the original lender, During the period from January 21, 2010 to February 4, 2010, Plaintiff and Defendants had a continuing dialog concerning the issues in this case. Defendant's Counsel requested extensions of time to respond to the complaint. Defendants' counsel sent written requests to Plaintiffs counsel on January 25, 2010 and February 2, 2010. Plaintiff's counsel did not respond and entered Defendant's default on February 1, 2010. Plaintiff's counsel attempted to enter a default judgment by serving Defendants with notice that a hearing was calendared on February 8, 2010. The hearing was vacated by the court due as the pleadings were insufficient, and timely notice was not given by Plaintiff for the hearing.

B. Argument for Set Aside of Default

1. Defendant's Failure to Answer was not Willful.

Defendants were served with the complaint on December 30, 2009. They were in contact with Plaintiff after they were served to discuss resolving the allegation in the complaint. Plaintiff retained counsel on January 21, 2010, and counsel requested an extension of time while they were attempting to conduct their due diligence. The main problem was that Plaintiffs were not able to verify that they owned the debt allegedly owed by Defendants. Further, the parties who are responsible for the allegations contained in the complaint are other parties who have not been named in this action. Defendants intend to file a Third Party Complaint, against the parties who caused Plaintiff's damages. A draft of the proposed Third Party Complaint is attached to this motion as Exhibit 3.

Defendants and their counsel mistakenly believed that Plaintiff would not enter their default during the 2 week period that Defendants were conducting their due diligence and engaging in their discussions with Plaintiff.

2. Rule 55 ( c ) and 60 (b) Should be Liberally Construed to Allow Set Aside of Default.

Rule 55 ( c ) of the *Federal Rules of Civil Procedure*, provide in relevant part:

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under 60 (b)."

Rule 60 ( b ) of the *Federal Rules of Civil Procedure* provide in relevant part:

"Grounds for Relief from a Final Judgment, Order, or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In the case at hand, the default should be set aside on the basis of excusable neglect. Plaintiff's counsel did not respond to Defendants' counsel's numerous requests for an extension of time to respond to the complaint. Counsel mistakenly believed that Plaintiff would not enter a default while Defendant was attempting to verify that Plaintiff was the

successor in interest to the original lender, and that Plaintiff had standing to make the

allegations contained in the complaint.

3. <u>No Prejudice to Plaintiff will Result if Default is Set Aside.</u>

This action is in its early stages, as the complaint was recently filed on December 11,

2009. No prejudice will result to Plaintiff if the default is set aside. Only a default has

been entered, and no judgment yet has been entered. For that reason the standard of

review is especially broad where a default is set aside, as opposed to a default judgment.

See <u>Brady vs. US</u> (2000) 211 F. 3d 499. A copy of the Defendants' proposed Answer is

attached as Exhibit 1.

4. <u>The Default Should be Set Aside for the Reason that Defendants Have Several</u>

<u>Meritorious Defenses.</u>

Several defenses to the allegations of Plaintiff exist in favor of Defendants. The

damages alleged by Plaintiff were cause by third parties who are named as third party

defendants. A copy of the Third Party Complaint is attached as Exhibit 2. Where Defendants

have a meritorious defense, it is proper for the court to resolve the matter in favor of a set

aside of the default. See <u>In Re Hammer</u> (9th Cir. 1991) 940 Fed 2d 524.

Defendants also have a basis on which to allege counterclaims against Plaintiff. A

copy of the Counterclaim is attached as Exhibit 3.

C. <u>Argument for Sever of Defendants' Case from Main Action</u>

Plaintiff has improperly joined more than 50 defendants in this action, many of whom

were not involved in the same transaction, or series of transactions.

Rule 20 (A) of the *Federal Rules of Civil Procedure* provides:

"any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; "

Rule 21 *Federal Rules of Civil Procedure* provides in relevant part:

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

In the case at hand, Plaintiff is attempting to join Defendants in a single action that have no common facts, witnesses, or documents, and concern unrelated transactions, multiple parties, and separate parcels of real property.

The court found a gross abuse of procedure where thousands of unrelated transactions were joined in a single case. See <u>Nassau Co. Association of Insurance Agents vs. Aetna Life & Casualty Co</u>. (1974) 497 F2d 1151.

Further, even though a case is brought under the same general law, this fact alone does not establish a common question of law and fact. The court in <u>Coughlin vs. Rogers</u> (1997) 130 F3d 1348, found that the interest of justice was not served, trial efficiency was not promoted, and there were no common questions of law or fact, where 39 Plaintiffs brought a single action against the Immigration and Naturalization Service, hereafter "INS". Despite the common allegation of a lack of timeliness on the part of INS, the court found that joining the multiple parties was improper, and that the allegations of Plaintiffs did not arise out of the same transactions or a series of transactions.

D. <u>Conclusion</u>

Based on the foregoing authority, the default should be set aside, in order that Defendants may file their Answer, Counterclaim, and Third Party Complaint. Further, Defendants' case should be severed, and with a separate trial to be held on the merits. The filing of this action against 50 defendants in a single action is improper, as there are no common questions of law and fact, and this action did not arise out the same transaction or a series of transactions.

Respectfully Submitted.

Dated: April 7, 2010                    Law Offices of Marilyn S. Yee

                                        By ⎯Marilyn S. Yee⎯
                                        Marilyn S. Yee
                                        Attorney for Defendants, Jose Eduardo Pavon
                                        And Jennifer Anne Von Bima

Marilyn S. Yee SBN 096249
Law Office of Marilyn S. Yee
29910 Murrieta Hot Springs Road
Suite G-533
Murrieta, California 92563
(951) 926-7900, 848-9992-fax
Email: myeeatty@yahoo.com

Attorney for Defendants, Jose Eduardo Pavon and Jennifer Anne Von Bima

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heritage Pacific Financial LLC, DBA Heritage Pacific Financial, A Texas Limited Liability Company, Plaintiff, vs. James Hague, Charlene Chao; Jeffrey Tomazin, Priscilla Tomazin; Maria Soila Carbajal, Ephraim Kiama, Evie Liwe, James Taylor, Remus Eppie, Patrick Ogden, Silvia Elizabeth Salmeron, Veronica Conklin, Emilia Villarreal, Moradali Amirinegar, Martha Rocha, Mina Shahab, Myra Popp Figueroa, Victor Bonilla, Leticia Valenzuela, Antonia Pedraza, Bonnie Rhea Scott, Alberto Pasillas, Jorge Velasco, Jennie Arismendez, Paul Radwich, Mary Pearson, Ronald Calvero, Jose Eduardo Pavon, Jennifer Anne Von Bima, Fred Ortiz, Jorge Mora, Sonia Navarro, Monique Heredia, Otila Murrietta, Gelenie Quiocho Amigable, Amanda Espinello, Claudia Tovar, Sergio Tovar, Bertha Cortes, Miguel Cortes Ferral, Jorge Siguenza, Blanca Rodas, Sean Wolfswinkel, Alfredo Jimenez, Eloisa Peneda, Levis Rodrigues, Monica Anguiano, Salomon Solis, Monique Huereque, Lourdes Velazques, Defendants | Case No.SACV09-01466AG (RNBx) ANSWER TO COMPLAINT |

1

EXHIBIT 1

COMES NOW, DEFENDANTS, Jose Eduardo Pavon and Jennifer Anne Von Bima answering the complaint as follows:

1.  In response to paragraphs 1, 2, and 3 a-z, aa, cc-vv of the complaint, Defendants lack sufficient information to respond to these allegations and on that basis deny each and every, generally and specifically, the allegations contained in the complaint.

2.  Defendants deny each and every, generally and specifically, the allegations contained in paragraphs 4,6, and 7 of the complaint.

3.  In response to paragraph 5 of the complaint, Defendants lack sufficient information to respond to this allegation and on that basis denies each and every, generally and specifically, the allegation contained in the complaint.

4.  Defendants deny each and every, generally and specifically, the allegations contained in paragraphs 8,9,10,11, and 12 a-c, of the complaint.

5.  Defendants deny each and every, generally and specifically, the allegations contained in paragraphs 13,14,16,17,18,and 19 of the complaint.

6.  In response to paragraphs 20,21,22,23,24,25,26,27,28,29,30, 31,32,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,49,50,51,5253,54,55,56,57,58,59,60,61, 62,63,64 and 65 of the complaint, Defendants lack sufficient information to respond to this allegation and on that basis denies each and every, generally and specifically, the allegation contained in the complaint

7.  Defendants deny each and every, generally and specifically, the allegations contained in paragraph 48 of the complaint.

8. In response to paragraphs 66,67,68,69, 70-a,b,and 71, Defendants lack sufficient information to respond to this allegation and on that basis denies each and every, generally and specifically, the allegation contained in the complaint

9. In response to paragraphs 72,73,74,75,76,77,78,79,80,and 81, as alleged against Defendants, Defendants deny each and every, generally and specifically, the allegations contained in these paragraphs in the complaint. In addition, Defendants lack sufficient

information to respond on behalf of all co-defendants, and on that basis deny each and every, generally and specifically, the allegations contained in these paragraphs of the complaint.

10. Defendants deny each and every, generally and specifically, the allegations contained in paragraph 82,83,84,85,86,87,88 of the complaint. In response to these paragraphs of the subject action, Defendants lack sufficient information to respond on behalf of all other Defendants named in this action, and on that basis denies each and every, generally and specifically, the allegations contained in the complaint.

11. Defendants deny each and every, generally and specifically, the allegations contained in paragraph 89,90,91,92,93,94, and 95, of the complaint. In response to these paragraphs of the subject action, These answering Defendants lack sufficient information to respond on behalf of all other Defendants named in this action, and on that basis denies each and every, generally and specifically, the allegations contained in the complaint.

12. In response to paragraphs 96 a-aa, and 96 cc-tt, Defendants lack sufficient information to respond to the allegations and on that basis deny each and every, generally and specifically, the allegations contained in the complaint.

13. Defendants deny each and every, generally and specifically, the allegations contained in paragraph 96(bb), of the complaint.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

14. Plaintiff has improperly joined multiple Defendants in this action, where no common questions of fact exist between Defendants, and the action does not arise out of the same transaction or occurrence in violation of Rule 20 of the Federal Rules of Civil Procedure.

SECOND AFFIRMATIVE DEFENSE

15. These answering Defendants allege that Plaintiff failed to allege facts sufficient to constitute a cause of action upon which relief can be granted against the Defendants.

THIRD AFFIRMATIVE DEFENSE

16. Any damages suffered by the Plaintiff were caused by its own actions and negligence.

## FOURTH AFFIRMATIVE DEFENSE

17. As a separate and affirmative defense, these answering Defendants are informed and believe and on that basis allege that Plaintiff, and/or its agents, and/or parties not yet identified, spoiled evidence and as a result, Defendants have been deprived of access to said evidence and the ability to defend herself by Plaintiff's conduct.

## FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff consented expressly or impliedly to the acts alleged in the complaint and on that basis is barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE

19. These answering Defendants allege that Plaintiff's recovery is barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

20. As a separate and affirmative defense, Defendants allege that Plaintiff failed to act in a reasonable time to mitigate its alleged damages sustained.

## EIGHTH AFFIRMATIVE DEFENSE

21. As a separate and affirmative defense, this answering Defendants allege that Plaintiff's causes of actions are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

22. These answering Defendants allege that Plaintiff's causes of action are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

23. As a separate and affirmative defense, these answering Defendants allege that any damages suffered by Plaintiff was caused by the negligence, or intentional conduct of other persons or entities for whom these Defendants are not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff's action is barred by the anti-deficiency rules.

WHEREFORE, Defendant prays as follows:

As to all Causes of Action:

1.  That Plaintiff take nothing by way of its complaint;

4

2.  For costs of suit, including reasonable attorney's fees;

3.  For such other and further relief as the court deems proper.


Dated: April 7, 2010              Law Offices of Marilyn S. Yee


                         By _Marilyn S. Yee_
                            Marilyn S. Yee
                            Attorney for Defendants, Jose Eduardo Pavon
                            And Jennifer Von Bima

Marilyn S. Yee SBN 096249
Law Office of Marilyn S. Yee
29910 Murrieta Hot Springs Road
Suite G-533
Murrieta. California 92563
(951) 926-7900. 848-9992-fax
Email: myeeatty@yahoo.com

Attorney for Defendants. Jose Eduardo Pavon and Jennifer Anne Von Bima

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heritage Pacific Financial LLC.<br>DBA Heritage Pacific Financial.<br>A Texas Limited Liability Company.<br>    Plaintiff.<br><br>    vs.<br><br>James Hague. Charlene Chao; Jeffrey<br>Tomazin, Priscilla Tomazin; Maria Soila<br>Carbajal, Ephraim Kiama, Evie Liwe. James<br>Taylor. Remus Eppie. Patrick Ogden. Silvia<br>Elizabeth Salmeron. Veronica Conklin. Emilia<br>Villarreal, Moradali Amirinegar. Martha<br>Rocha. Mina Shahab. Myra Popp Figueroa,<br>Victor Bonilla. Leticia Valenzuela. Antonia<br>Pedraza. Bonnie Rhea Scott. Alberto Pasillas.<br>Jorge Velasco. Jennie Arismendez. Paul<br>Radwich. Mary Pearson. Ronald Calvero. Jose<br>Eduardo Pavon. Jennifer Anne Von Bima.<br>Fred Ortiz. Jorge Mora. Sonia Navarro.<br>Monique Heredia. Otila Murrietta. Gelenie<br>Quiocho Amigable. Amanda Espinello.<br>Claudia Tovar. Sergio Tovar. Bertha Cortes,<br>Miguel Cortes Ferral. Jorge Siguenza. Blanca<br>Rodas. Sean Wolfswinkel. Alfredo Jimenez.<br>Eloisa Peneda. Levis Rodrigues. Monica<br>Anguiano. Salomon Solis. Monique Huereque.<br>Lourdes Velazques.<br><br>    Defendants | Case No.SACV09-01466AG (RNBx)<br><br>**DEFENDANTS' COUNTERCLAIM<br>DAMAGES, AND EQUITABLE RELIEF<br>FOR:**<br><br>**1. PREDATORY LENDING**<br>**2. BREACH OF GOOD FAITH & FAIR<br>DEALING**<br>**3. DECLARATORY RELIEF**<br>**4. ACCOUNTING** |

EXHIBIT 2

| | |
|---|---|
| Jose Eduardo and Jennifer Anne Von Bima, Individuals, | ) |
| | ) |
| | ) |
| Counter-Claimants | ) |
| Vs. | ) |
| | ) |
| Heritage Pacific Financial LLC, DBA | ) |
| Heritage Pacific Financial, a Texas Limited | ) |
| Liability Company, and Does 1 through 5, | ) |
| | ) |
| Counter-Defendants | ) |
| | ) |

COMES NOW, COUNTER-CLAIMANTS, JOSE EDUARDO PAVON and JENNIFER ANNE VON BIMA, INDIVIDUALS, alleges damages and seeks equitable relief against, COUNTER-DEFENDANTS, AS FOLLOWS:

A. JURISDICTION AND PARTIES

1.  At all times herein mentioned, Counter-Claimants, Jose Eduardo Pavon and Jennifer Anne Von Bima, hereafter referred to as "Pavon" were residents of the County of Riverside.

2.  Pavon is informed and believes and on that basis alleges, that Counter-Defendants, Heritage Pacific Financial, LLC, hereafter referred to as "Heritage", was a limited liability company organized under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

3.  Pavon entered into the transaction described herein, with Metropolitan Bancorp. Heritage alleges that it is the owner of the debt owed by Pavon, as the successor in interest to Metropolitan Bancorp, hereafter referred to as "Bancorp".

4.  At all times herein mentioned, the real property which is the basis of this action is located at 2257 Riverdale Avenue, Los Angeles, California 90031.

5. Venue of this court is proper on the basis of diversity, as Pavon and Heritage are citizens of different states.

B. HISTORY OF THE CASE

6. Pavon obtained a loan with the lender, Bancorp, secured by a first deed of trust for $476,000, and a loan that is the subject of this action, for $119,000 secured by a second deed of trust on the property located at 2257 Riverdale Avenue, Los Angeles, California 90031. Bancorp, pursuant to the power of sale under the first deed of trust, sold the subject property at a trustee's sale in May 2008. Pavon was served with this complaint on December 30, 2009.

7. Pavon did not reside in the subject property, but was seeking to assist his family members who were Joaquin G. Serrano and Luz Maria Veronica Guzman, hereafter collectively referred to as "Serrano", by securing the financing. Serrano agreed to reside in the property, and to make all of the loan payments on the first and second mortgages. Serrano further advised Pavon that the subject financing was for a short term re-finance, and that a new loan would be placed on the property in 6 months, and that Pavon would no longer be the borrower. After the escrow closed Pavon became aware that the transaction was for the purchase of the subject property and was not for a refinance.

8. Pavon executed a Uniform Residential Loan Application, Form 1003, that contained certain financial information relating to their debt and income. The pages of the loan application after the application was executed by Pavon, relating to income were replaced by the loan agent, Miguel Mario Gutierrez, with false information without Pavon's consent and knowledge. Further the loan payments were to be made by Joaquin Serrano, and Luz Maria Guzman, who resided in the subject property. Title to the subject property was later transferred to the children of Joaquin Serrano, who are Winfred Serrano, and Ana Christina Rojas.

9. Pavon submitted supporting documents for the loan application to the lender, which included employment pay stubs, and bank statements.

C. GENERAL ALLEGATIONS

10. Pavon realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 5 of this counterclaim.

11. Pavon is informed and believes and on that basis allege that Heritage, as the successor of Metropolitan, at all times herein mentioned was employed by or the agents of Metropolitan , and were acting within the course and scope of the agency or employment in doing the acts as alleged.

## FIRST CLAIM FOR RELIEF
### (Predatory Lending)

12. Pavon realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 11 of this counterclaim.

13. This was a stated income loan. The income erroneously stated that $15,000 a month was earned by Pavon. Pavon owned another property, at the time that this loan was approved. Pavon submitted pay stubs and bank statements that clearly stated his and his spouse's income. The risk factors relating to the subject loan, of the borrowers was obvious; which include: stated income documentation, and a lack of determination regarding the ability to repay the loan. The loan should have required strict underwriting standards. Pavon was employed by a tile store, and was not the owner as represented, and the amount of income fraudulently stated on their loan application was $180,000 annually. Heritage, and its predecessor, Bancorp, made no attempts to determine the true ability of Pavon to repay the loan, which was a total of $476,000 on the first mortgage and $119,000 on the second mortgage, for a total of $595,000 on top of other loans

held by Pavon for their other real property and autos. The imprudent underwriting described above violated 12 C.F.R. 226.34(a)(4).

14. Pavon is informed and believes and thereon alleges that Bancorp, and Heritage targeted low income and minority borrowers for its campaign of its predatory lending practices.

15. As a result of these predatory lending practices, Pavon was at high risk of foreclosure of his property, and suffered damage as a result of these lending practices herein described.

16.  Pavon is informed and believes and on that basis alleges that despite having a high FICO credit score in the 700's, Pavon was charged a very high interest rate of 6.99 % on the loan for the first mortgage and 10.6% for the second mortgage.

17. Pavon is entitled to damages according to proof, including reasonable attorneys' fees, suffered as a result of Counter-Defendants' predatory lending practices.

## SECOND CLAIM FOR RELIEF
### ( Breach of Good Faith and Fair Dealing)

18.  Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

19. At all pertinent times, the agreement entered into between Pavon and Heritage contained an implicit covenant of good faith and fair dealing requiring Heritage and Bancorp to act honestly and in good faith in the performance and enforcement of the contract.

20. The conduct of Heritage and Bancorp, in purposefully overstating Pavons' income and failing to disclose material information in the loan application process, constitutes a breach of covenant of good faith and fair dealing, as required by *California Civil Code* Section 2971.

21. Pavon is informed and believes and thereon alleges that as a result of the Heritage and Bancorp's conduct Pavon has suffered economic damages in an amount in excess of $1,000,000.00 or to be proven at trial.

22. Heritage and Bancorp committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of the Pavons' rights. Conduct by the Heritage and Bancorp

amounted to malice and was carried out in a despicable, deliberate, cold, callous, and intentional manner thereby entitling Pavon to recover punitive damages from Defendant in an amount according to proof.

23. The terms of the subject promissory note, at paragraph 4(d), provide for costs, including reasonable attorneys' fees. Pavon seeks compensation for their attorneys' fees according to proof.

### THIRD CLAIM FOR RELIEF
#### (Declaratory Relief)

24. Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

25. Pavon entered into a loan with Bancorp, secured by the subject real property.

26. Heritage claims to be the owner of the debt evidenced by a promissory note, for $119,000, as the successor in interest to Bancorp.

27. Bancorp, and Heritage as its successor in interest, violated the provisions of the Federal TILA as well as California law as set forth above, including by failing to provide disclosure documents, providing false and misleading information as to the amount financed and by otherwise violating lending laws. These violations entitle Pavon to damages as alleged herein.

28. An actual controversy has arisen and now exists between Pavon and Heritage concerning their respective rights and duties in that Pavon contends that by failing to provide these disclosures and by providing false and misleading information, Pavon is entitled to actual damages.

29. In addition, Pavon seeks a judicial determination that Heritage, as the successor in interest to Bancorp, is entitled to collect the outstanding balance due on the promissory note that was secured by the second mortgage on the subject property.

30. Pavon requests a judicial determination of the parties' rights and duties as is necessary and appropriate at this time under the circumstances, and a declaration as to whether Heritage and Bancorp violated federal and state lending laws, and the amount owed, if any by Pavon to Heritage.

## FOURTH CLAIM FOR RELIEF
### (Accounting)

31. Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

32. On October 13, 2009, Pavon received a demand for payment from Heritage on loan number 11722042 for the outstanding balance of $79,013.99.

33. On November 11, 2009, Pavon received a Verification of Debt from Heritage, showing the outstanding balance to be the sum of $118,570.72. The balance was increased, in less than one month by the sum of $39,556.73.

34. Pursuant to the terms of the promissory note, monthly payments of $1,099.68, were to be applied to principal and interest.

35. The amount of money due, if any, from Pavon to Heritage is unknown to Pavon and cannot be determined without an accounting.

**WHEREFORE, Counterclaimants, Jose Eduardo Pavon and Jennifer Von Bima, pray as follows:**

   1.  As to the First Claim for Relief:

      a. Damages according to proof

      b. For attorney's fees according to proof;

   2. As to the Second Claim for Relief:

      a. For Damages according to proof;

      b. For attorneys' fees according to proof;

      c. For Punitive and Exemplary Damages;

   3. As to the Third Claim for Relief:

      a. For a determination of the rights of Pavon and Heritage;

   4. As to the Fourth Claim for Relief:

a. For an order of accounting by Heritage as to the amount due, if any from Pavon;

5. As to all Claims for Relief:

a. Any further orders that the court deems proper.

Dated: April 7, 2010          Law Offices of Marilyn S. Yee

By    *Marilyn S. Yee*

Marilyn S. Yee
Attorney for Defendants, Jose Eduardo Pavon
And Jennifer Anne Von Bima

Marilyn S. Yee SBN 096249
Law Office of Marilyn S. Yee
29910 Murrieta Hot Springs Road
Suite G-533
Murrieta. California 92563
(951) 926-7900. 848-9992-fax
Email: myeeatty@yahoo.com

Attorney for Defendants. Jose Eduardo Pavon and Jennifer Anne Von Bima

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heritage Pacific Financial LLC. DBA Heritage Pacific Financial. A Texas Limited Liability Company. Plaintiff. vs. | Case No.SACV09-01466AG (RNBx) **THIRD PARTY COMPLAINT FOR DAMAGES FOR:** |
| James Hague. Charlene Chao; Jeffrey Tomazin. Priscilla Tomazin: Maria Soila Carbajal. Ephraim Kiama. Evie Liwe. James Taylor. Remus Eppie. Patrick Ogden. Silvia Elizabeth Salmeron. Veronica Conklin. Emilia Villarreal. Moradali Amirinegar. Martha Rocha. Mina Shahab. Myra Popp Figueroa. Victor Bonilla. Leticia Valenzuela. Antonia Pedraza. Bonnie Rhea Scott. Alberto Pasillas. Jorge Velasco. Jennie Arismendez. Paul Radwich. Mary Pearson. Ronald Calvero. Jose Eduardo Pavon. Jennifer Anne Von Bima. Fred Ortiz. Jorge Mora. Sonia Navarro. Monique Heredia. Otila Murrietta. Gelenie Quiocho Amigable. Amanda Espinello. Claudia Tovar. Sergio Tovar. Bertha Cortes. Miguel Cortes Ferral. Jorge Siguenza. Blanca Rodas. Sean Wolfswinkel. Alfredo Jimenez. Eloisa Peneda. Levis Rodrigues. Monica Anguiano. Salomon Solis. Monique Huereque. Lourdes Velazques. Defendants | **1. BREACH OF ORAL AGREEMENT 2. BREACH OF FIDUCIARY DUTY 3. FRAUD 4. CONSPIRACY TO DEFRAUD** |

EXHIBIT 3

Jose Eduardo and Jennifer Anne Von Bima, )
Individuals, )
)
Third Party Plaintiffs )
)
Vs. )
)
Joaquin G. Serrano, Luz Maria Guzman, )
Also known as Veronica Serrano, Winfred )
Serrano, Ana Cristina Rojas, Miguel Mario )
Gutierrez and Does 1 through 5, )
)
Third Party Defendants )
)

COMES NOW, THIRD PARTY PLAINTIFFS, JOSE EDUARDO PAVON and JENNIFER

ANNE VON BIMA, INDIVIDUALS, alleges damages and seeks equitable relief against,

THIRD PARTY DEFENDANTS, AS FOLLOWS:

A. JURISDICTION AND PARTIES

1. At all times herein mentioned, Third Party Plaintiffs, Jose Eduardo Pavon and Jennifer Anne

   Von Bima, hereafter referred to as "Pavon" were residents of the County of Riverside.

2. Pavon is informed and believes and on that basis alleges, that Third Party Defendants,

   Joaquin G. Serrano, Luz Maria Guzman, also known as Veronica Serrano, Winfred Serrano,

   and Ana Cristina Rojas, hereafter referred to as "Serrano" were at all times herein mentioned

   residents of Los Angeles, California.

3. Pavon is informed and believes and on that basis alleges that at all times herein mentioned,

   Miguel Mario Gutierrez, hereafter "Gutierrez" was the mortgage agent, who secured the loan

   for Pavon, and was duly licensed under the laws of the State of California;

4.   Pavon further alleges that this Third Party Complaint, arises out of the same transaction as the main action concerning the property located at 2257 Riverdale Avenue, Los Angeles, California 90031.

B. HISTORY OF THE CASE

5. Pavon was contacted by his family members, Serrano, and asked to execute a loan for the subject property. The lender, Metropolitan Bancorp, hereafter "Bancorp" was secured by a first deed of trust for $476,000, and a loan that is the subject of this action, for $119,000 was secured by a second deed of trust on the property.

6. Pavon was advised by Serrano that he needed Pavon to be the borrower for the subject loan and that the loan would be refinanced in six months in Serranos' name.

7. Pavon did not reside in the subject property, but was seeking to assist Serrano, by securing the financing. Serrano agreed to reside in the property, and to make all of the loan payments on the first and second mortgages. Serrano further advised Pavon that the subject financing was for a short term re-finance, and that a new loan would be placed on the property in 6 months, and that Pavon would no longer be the borrower. After the escrow closed Pavon became aware that the transaction was for the purchase of the subject property from Winfred Serrano, and Ana Christina Rojas, the children of Joaquin G. Serrano and Luz Maria Guzman, and was not for a refinance.

8. Pavon executed a Uniform Residential Loan Application, Form 1003, that contained certain financial information relating to their debt and income. The pages of the loan application were changed after the application was executed by Pavon, specifically in the sections relating to income, by the loan agent, Miguel Mario Gutierrez, with false information without Pavon's

consent and knowledge. Further the loan payments were to be made by Joaquin Serrano, and Luz Maria Guzman, who resided in the subject property.

9. Pavon submitted supporting documents for the loan application to the lender Bancorp and to Gutierrez, which included employment pay stubs, and bank statements.

C. GENERAL ALLEGATIONS

10. Pavon realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 9 of this Third Party Complaint.

11. Pavon is informed and believes and on that basis allege that Gutierrez at all times herein mentioned was employed by or the agents of Serrano , and was acting within the course and scope of the agency or employment in doing the acts as alleged.

**FIRST CLAIM FOR RELIEF**
**(Breach of Oral Agreement**
**Against Serrano)**

12. Pavon realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 11 of this Third Party Complaint

13. On or about November 1, 2006, Serrano requested Pavon's assistance to secure a loan, to finance the purchase of the subject real property.

14. Serrano and Pavon had an oral agreement in which Serrano was to reside in the property, make all loan payments, and to pay other expenses associated with the property, such as insurance, maintenance and property taxes. Loans were secured for a total of $476,000 for the first mortgage and $119,000 for the second mortgage, for a total of $595,000.

15. Serrano failed to make the payments as agreed, and the property went into default. Pavon expended $20,000 from personal funds in an attempt to avoid the foreclosure. Notwithstanding the efforts of Pavon, the real property was sold at a trustee's sale on or about May 15, 2008. The

main action was filed on December 11, 2009 to collect the unpaid balance of the second mortgage.

16.  As a result of Serranos' breach of the oral agreement, Pavon has been damaged in an amount not yet ascertained.

17. Pavon has performed all acts as promised.

18. Serrano has failed and refused, and continues to fail and refuse, although demand has been made, to reimburse Pavon for the funds expended in connection with this loan.

19. Pavon is entitled to consequential damages resulting from Serranos' breach according to proof.

## SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty Against Gutierrez)

20.  Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

21. At all times herein mentioned, Gutierrez was the loan agent who handled all documents needed to obtain the loan.

22. The amount of income did not total the sum of $15,000, on the Uniform Loan Application when the application was executed by Pavon. Pavon submitted pay stubs and bank statements to Gutierrez to verify the correct figures.

23. Pavon is informed and believes and thereon alleges that Gutierrez, or his agents, modified the amount of Pavons' income on the application without Pavons' knowledge or consent.

24.  Gutierrez, as the loan agent has a fiduciary duty to his clients to insure that the loan application, and supporting documents with accuracy and a standard of care.

25. Gutierrez breached his fiduciary duty by failing to submit accurate information concerning Pavons' income and assets.

26. Pavon was not advised of the error until this action was filed by Heritage Pacific Services, for a collection of the balance owed on the second mortgage.

27. As a result of Gutierrez's breach of fiduciary duty Pavon suffered damage.

28. The total damages suffered by Pavon is not known at this time, and Pavon is entitled to damages according to proof.

### THIRD CLAIM FOR RELIEF
#### (Fraud)
#### Against All Defendants

29. Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

30. Gutierrez had a duty to accurately and honestly disclose the material terms of the loan to the Pavon, and to make certain that Pavon understood the terms of the loan.

31. As alleged herein, the representations by Gutierrez and Serrano, made to Pavon to induce Pavon to enter the loan were false, and were made with the intent to harm Pavon and to profit from the misrepresentation.

32. The representations made to Pavon by Gutierrez and Serrano were material, and were intended to induce, and did induce, Pavon to enter into the loan transaction, so that Gutierrez and Serrano would profit.

33. At the time they made these representations, Gutierrez and Serrano knew the information concerning the loan application, and the reasons for the financing were false, misleading and/or concealed the truth.

34. Pavon reasonably and justifiably relied upon these representations and omissions and was induced into executing the loan documents.

35. As a proximate result of the misrepresentations of Gutierrez and Serrano, Pavon has suffered, currently suffers, and will continue to suffer damages in an amount not yet ascertained.

36. Pavon is entitled to an award of punitive or exemplary damages due to the acts, omissions, and fraudulent misrepresentations of Gutierrez and Serrano as alleged herein, as their conduct was intentional, fraudulent, oppressive and malicious.

## FOURTH CLAIM FOR RELIEF
### (Conspiracy to Defraud)
### Against Gutierrez and Serrano

37. Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

38. At all times herein mentioned, Serrano and Gutierrez falsely and fraudulently represented to Pavon that the use of Pavon's high credit score would be used for a short term loan in order that Serrano could refinance the subject real property.

39. Serrano and Gutierrez knew that the representations to Pavon were false.

40. The transaction of the subject real property in fact was a purchase, and not a refinance. Further, Serrano never intended to refinance the subject property in six months, and to remove Pavon as the borrower.

41. At all times herein mentioned, Serrano and Gutierrez willfully conspired to induce Pavon to enter into the subject loan transactions herein described.

42. The conspiracy of Serrano and Gutierrez was aimed at using Pavon's high credit score for their personal gain, and to misappropriate Pavon's money and credit rating.

43. All acts and conduct of Serrano and Gutierrez were willful and in furtherance of the conspiracy to defraud Pavon.

44. Pavon is entitled to an award of punitive or exemplary damages due to the acts, omissions, and conspiracy to defraud of Gutierrez and Serrano as alleged herein, as their conduct of was intentional, fraudulent, oppressive and malicious.

**WHEREFORE, Third Party Plaintiffs, Jose Eduardo Pavon and Jennifer Von Bima, pray as follows:**

1. As to the First Claim for Relief:

    a. Damages according to proof

2. As to the Second Claim for Relief:

a. For damages according to proof;

3. As to the Third Claim for Relief:

    a. For damages according to proof:

    b. For exemplary damages;

4. As to the Fourth Claim for Relief:

    a. For damages according to proof;

    b. For exemplary damages.

5. As to all Claims for Relief:

    a. Any further orders that the court deems proper.

Dated: April 7, 2010         Law Offices of Marilyn S. Yee

                    By _Marilyn S. Yee_

                    Marilyn S. Yee
                    Attorney for Defendants, Jose Eduardo Pavon
                    And Jennifer Anne Von Bima

# PROOF OF MAILING

I am a citizen of the United States and a resident of the county; I am over the age of 18 years of age, and not a party to the within entitled action; my business address is 29910 Murrieta Hot Springs Road, Suite G-533, Murrieta, California, 92563.

On April 13, 2010, I mailed the Notice of Motion to Set Aside Default, to the parties placing a true copy in a sealed envelope with the postage prepaid in the United States Mail at Murrieta, California, addressed as follows:

Brad A. Mokri
Mokri & Associates
1851 E. 1st Street, #900
Santa Ana, California 92705

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed April 13, 2010 at Murrieta, California.

*Marilyn S. Yee*
Marilyn S. Yee

1