MARTIN E. DACK (Bar No. 196068)
JAYSON Q. MARASIGAN (Bar No. 227525)
DACK MARASIGAN, LLP
23041 Avenida de la Carlota, Suite 300
Laguna Hills, California 92653
Telephone: (949) 206-9848
Facsimile: (949) 206-9851

Attorneys for Defendant Charlene Y. Chao

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAC PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HAGUE, et al.,<br><br>Defendants. | CASE NO. SACV 09-01466 (RNBx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHARLENE Y. CHAO'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed Concurrently With: Notice of Motion and Motion; Declarations of Jayson Q. Marasigan and Charlene Y. Chao; Request for Judicial Notice; Separate Statement of Undisputed Material Facts and Conclusions of Law]<br><br>Date: July 12, 2010<br>Time: 10:00 a.m.<br>Crtrm: 10D |
| AND RELATED CROSS-ACTIONS | Judge: Andrew J. Guilford<br>Magistrate Judge: Robert N. Block<br>Trial Date: December 14, 2010<br>Complaint Filed: December 11, 2009 |

1

## TABLE OF CONTENTS

1. INTRODUCTION AND STATEMENT OF PERTINENT FACTS ................. 5
2. THE STANDARD FOR SUMMARY JUDGMENT .................................... 5
3. CHAO IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW BASED UPON CALIFORNIA'S ANTI-DEFICIENCY STATUTES ........................................................................................................ 6
   A. The Statutory Framework of Applicable California Anti-Deficiency Statutes ................................................................................ 6
      i. Anti-Deficiency Prohibitions ......................................................... 6
      ii. The "Fraud" Exception to Anti-Deficiency Statutes ................. 7
      iii. Limitations on the "Fraud" Exception to Anti-Deficiency Statutes ........................................................................................... 10
   B. The Undisputed Facts Support the Inapplicability of the "Fraud" Exception to the Anti-Deficiency Statutes ........................... 12
4. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT ................................................................................................. 13
5. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION .............................................................................. 14
6. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S THIRD CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT ........................................................................................... 16
7. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION .............................................................................. 17
8. CONCLUSION ............................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Birman v. Loeb*, 64 Cal.App.4th 502, 75 Cal.Rptr.2d 294 (1998) — 7

*Calderone v. United States*, 799 F.2d 254 (6th Cir. 1986) — 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986) — 5

*Cornelison v. Kornbluth*, 15 Cal.3d 590, 125 Cal.Rptr. 557 (1975) — 7

*First Fed. Sav. & Loan Assn. v. Lehman*, 159 Cal.App.3d 537, 542, 205 Cal.Rptr. 600 (1984) — 8

*Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co.*, 66 Cal.App.3d 101, 135 Cal.Rptr. 802 (1977) — 7, 8

*Guild Mortgage Co. v. Heller*, 193 Cal.App.3d 1505 (1987) — 8, 11

*Lawler v. Jacobs*, 83 Cal.App.4th 723, 732, 100 Cal.Rptr.2d 52 (2000) — 7

*Lortz v. Connell*, 273 Cal.App.2d 286, 78 Cal.Rptr. 6, 8 (1969) — 13

*Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35 (1963) — 6

*Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003) — 6

## Statutes

California Civil Code section 1572 — 14, 15, 16

California Civil Code Section 1642 — 14

California Code of Civil Procedure section 580a — 6

California Code of Civil Procedure section 580b — 6, 7, 12, 13, 14, 15, 16, 17, 18

California Code of Civil Procedure section 725a — 6

California Code of Civil Procedure section 726 — 6, 8, 9, 10, 11, 12, 13, 15, 16, 17

California Financial Code section 779 — 8

California Financial Code section 7459 — 8

California Financial Code section 7460 — 8, 9, 10, 11, 12, 13, 15, 16, 17

3

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| California Financial Code section 15102 | 8 |

**Treatises and Secondary Sources**

| | |
|---|---|
| *Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact* (1984) 99 F.R.D. 465, 487–488 | 4 |
| CACI 300 | 13 |
| CACI 303 | 13 |

4

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND STATEMENT OF PERTINENT FACTS

Defendant Charlene Y. Chao ("Chao") is an individual who obtained a purchase money loan from non-party Family Lending Services, Inc. The proceeds of the loan were used to purchase a real property located at 14373 Wolfhound Street, Corona, California 92880 (the "Subject Property") ([Proposed] Statement of Undisputed Material Facts, "UMF" Nos. 1-2). The loan was evidenced by a note in that sum (UMF No. 3), in the sum of $125,000 (UMF No. 4) and secured by a 2nd deed of trust (UMF No. 5). The 2nd deed of trust was extinguished as a result of the foreclosure of a senior lien. (UMF No. 6) Plaintiff Heritage Pacific Financial, LLC ("Plaintiff") is the alleged holder of the note evidencing the Loan made to Chao. (UMF No. 7) Plaintiff is seeking judgment for the sums unpaid (the "deficiency") on that note. (UMF Nos. 19, 31, 43, and 56)

For purposes of the instant summary judgment motion, the following undisputed facts are dispositive of Plaintiff's claims against Chao: (1) the proceeds of the Loan were used to purchase the Subject Property (UMF No. 2); (2) the Subject Property was a single family residence (UMF No. 9); (3) the Subject Property was occupied by Chao, the purchaser (UMF No. 10); and (4) the Loan was for less than $150,000 or less, as adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as published by the United States Department of Labor. (UMF No. 11)

Based upon those undisputed facts, Chao is protected by the applicable anti-deficiency statutes and Chao is entitled to judgment as a matter of law.

## 2. THE STANDARD FOR SUMMARY JUDGMENT

A party may move for summary judgment on the ground that there is no genuine issue of material fact as to its own claims or defenses. *"Where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."* Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis in original), quoting from *Summary Judgment under the Federal Rules:*

*Defining Genuine Issues of Material Fact* (1984) 99 F.R.D. 465, 487–488; *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citing text). If the evidence offered in support of the motion establishes every essential element of the moving party's claim or defense, there is no need to offer evidence to negate or disprove matters on which the opposing party has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

As set forth herein, there is no genuine issue of material fact as to Chao's affirmative defense relating to California's anti-deficiency statutes. Because Plaintiff's claims are prohibited by California Code of Civil Procedure section 580b, and no exception to that statute's prohibitions applies, Chao is entitled to judgment as a matter of law.

## 3. CHAO IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW BASED UPON CALIFORNIA'S ANTI-DEFICIENCY STATUTES

### A. The Statutory Framework of Applicable California Anti-Deficiency Statutes

#### i. Anti-Deficiency Prohibitions

In California, a creditor's right to enforce a debt secured by a mortgage or deed of trust on real property is restricted by statute. Under California law a creditor must rely upon his security before enforcing the debt. Cal. Civ. Proc. §§ 580a, 725a, 726. If after sale the security is insufficient to satisfy the obligation, a creditor may seek entry of judgment on the deficiency. The creditor's right to a judgment against the debtor for such deficiency may be limited or barred by sections 580a, 580b, 580d, or 726 of the Code of Civil Procedure. *Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 38-39 (1963).

California Code of Civil Procedure section 580b prohibits deficiency judgments after the foreclosure sale of real property that secures a purchase money loan. California Code of Civil Procedure section 580b provides, in pertinent part:

> "*No deficiency judgment shall lie in any event after a sale of real property* or an estate for years therein for failure of the

purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or *under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.*" (Cal. Civ. Proc. § 580b) (Emphasis added)

The fact that Plaintiff is the successor in interest to a sold-out junior lienholder is of no consequence. See *Brown v. Jensen*, 41 Cal.2d 193, 259 P.2d 425 (1941). See also *Mortgage Guar. Co. v. Sampsell*, 51 Cal.App.2d 180, 124 P.2d 353 (1942).

The purpose of section 580b is to place the risk of inadequate security on the purchase money lender/seller. The lender is thus discouraged from overvaluing the security. Similarly, if inadequacy of the security results from general market decline, the statute prevents aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability. Section 580b compels the purchase money lender to assume the risk that the security is inadequate. *Cornelison v. Kornbluth*, 15 Cal.3d 590, 601-602, 125 Cal.Rptr. 557 (1975); see *Lawler v. Jacobs*, 83 Cal.App.4th 723, 732, 100 Cal.Rptr.2d 52 (2000); see also *Birman v. Loeb*, 64 Cal.App.4th 502, 512, 75 Cal.Rptr.2d 294 (1998).

### ii. The "Fraud" Exception to Anti-Deficiency Statutes

Courts have recognized exceptions to the "anti-deficiency" statutes, including California Code of Civil Procedure section 580b. Among the exceptions to the anti-deficiency prohibitions are actions for "fraud" on the part of the borrower. The "fraud" exception to the anti-deficiency prohibition was discussed in *Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co.*, 66 Cal.App.3d 101, 135 Cal.Rptr. 802 (1977). Fourth District Court of Appeal in *Glendale Federal* recognized that "[t]he defense of

7

sections 580b and 580d [of the California Code of Civil Procedure] proscribing deficiency judgments is not available to the trustor as a defense to an action by the beneficiary for fraud. [Citations omitted] The statutes only proscribe deficiency judgments; an action for damages for fraud is not one for a deficiency judgment." *Id.* 135 Cal. Rptr. at 139.

The "fraud" exception discussed in *Glendale Federal*, however, was limited by the Fourth District Court of Appeal in the matter of *First Fed. Sav. & Loan Assn. v. Lehman*, 159 Cal.App.3d 537, 542, 205 Cal.Rptr. 600 (1984). In *Lehman* the Court of Appeal affirmed a decision by the trial court sustaining a demurrer without leave to amend. In that matter, a lender was bringing suit against borrowers for fraud. The borrowers filed a demurrer, claiming anti-deficiency protection. The lender argued that, pursuant to the holding in *Glendale*, an action for "fraud" did not violate the anti-deficiency statutes. The Court of Appeal in *Lehman*, however, limited the "fraud" exception to the anti-deficiency prohibitions to actions involving waste and impairment of the security. *First Fed. Sav. & Loan Assn. v. Lehman*, 159 Cal.App.3d 537, 542, 205 Cal.Rptr. 600 (1984). According to the Fourth District Court of Appeal in *Lehman*: "However, because the Lehmans' alleged misrepresentations were totally unrelated to the value of First Federal's real property security, the rule allowing actions for fraud damages under the facts of *Glendale Federal* and the cases on which it relies does not apply to this case." (*Id.* at 542) In so finding, the Court of Appeal affirmed the trial court's order sustaining the borrowers' demurrer to the complaint without leave to amend because "First Federal's fraud cause of action represents an improper attempt to obtain a deficiency judgment through circumvention of applicable anti-deficiency statutes." (*Id.* at 543)

The legislature enacted Financial Code sections 779, 7459, 7460, and 15102 in response to the holding in *Lehman*. *Guild Mortgage Co. v. Heller*, 193 Cal.App.3d 1505(1987). In 1987, the California Legislature similarly added subsections (f), (g), and (h) to California Code of Civil Procedure section 726. See Historical and Statutory Notes to Cal. Civ. Proc. § 726. California Financial Code section 7460, subsection (a), provides:

"*Notwithstanding Section 726 of the Code of Civil Procedure*

> or any other provision of law to the contrary, an association, a federal association, an affiliate of an association or federal association, a service corporation, or any successor in interest thereto, that originates, acquires, or purchases, in whole or in part, any loan secured directly or collaterally, in whole or in part, by a mortgage or deed of trust on real property, or any interest therein, *may bring an action for recovery of damages,* including exemplary damages not to exceed 50 percent of the actual damages, against a borrower where the action is based on fraud under Section 1572 of the Civil Code and the fraudulent conduct by the borrower induced the original lender to make that loan." (Emphasis added)

California Financial Code section 7460, subsection (c), provides:

> "Any action maintained under this section for damages shall not constitute a money judgment for deficiency or a deficiency judgment within the meaning of Section 580a, 580b, or 580d of the Code of Civil Procedure."

California Code of Civil Procedure section 726, subsection (f), similarly provides:

> "Notwithstanding this section or any other provision of law to the contrary, any person authorized by this state to make or arrange loans secured by real property or any successor in interest thereto, that originates, acquires, or purchases, in whole or in part, any loan secured directly or collaterally, in whole or in part, by a mortgage or deed of trust on real property, in whole or in part, *may bring an action for recovery of damages,* including exemplary damages not to exceed 50% of the actual damages, against a borrower where the action is based on fraud under Section 1572 of the Civil

Code and fraudulent conduct by the borrower induced the original lender to make that loan." (Emphasis added)

California Code of Civil Procedure section 726, subsection (h), provides:

"Any action maintained pursuant to subdivision (f) for damages shall not constitute a money judgment for deficiency, or a deficiency judgment within the meaning of Section 580a, 580b, or 580d of the Code of Civil Procedure."

Presumably, since Plaintiff's "fraud" cause of action is not one based upon waste or impairment of security and thus based on the holding in *Lehman*, Plaintiff is relying upon either of the aforementioned exceptions to the anti-deficiency statutes.

### iii. Limitations on the "Fraud" Exception to Anti-Deficiency Statutes

The "fraud" exception to the anti-deficiency statutes, as codified in California Code of Civil Procedure section 726, subsection (f), and Financial Code section 7460, subsection (a), does not apply to the Loan made to Chao.

California Code of Civil Procedure section 726, subsection (g), provides:

"Subdivision (f) does not apply to loans secured by single family, owner-occupied residential real property, when the property is actually occupied by the borrower as represented to the lender in order to obtain the loan and the loan is for an amount of one hundred fifty thousand dollars ($150,000) or less, as adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as published by the United States Department of Labor."

California Financial Code section 7460, subsection (b), provides:

"The provisions of this section shall not apply to loans secured by single-family, owner-occupied residential real property, when the property is actually occupied by the borrower as represented to the lender in order to obtain the

|   |   |
|---|---|
| 1 | loan and the loan is for an amount of one hundred fifty |
| 2 | thousand dollars ($150,000) or less, as adjusted annually, |
| 3 | commencing on January 1, 1987, to the Consumer Price |
| 4 | Index as published by the United States Department of |
| 5 | Labor." |

Based upon subsection (g) of California Code of Civil Procedure section 726 and subsection (b) of California Financial Code section 7460, the "fraud" exception to the anti-deficiency prohibitions do not apply to situations here the loan at issue was: (1) secured by a single-family residential property; (2) that is actually owner occupied; and (3) is for $150,000 or less, adjusted annually, commencing January 1, 1987, to the Consumer Price Index.

The foregoing statutory framework was recognized by the California Court of Appeal in *Guild Mortgage Co. v. Heller*, 193 Cal.App.3d 1505(1987):

> "In 1985, the Legislature, intending to curtail fraud in the real estate market and to vitiate the holding in *Lehman* enacted Financial Code sections 779, 7459, 7460, and 15102. Under these statutes, banks, savings and loan associations, and credit unions may now maintain an action for damages, including punitive damages not exceeding 50 percent of actual damages, against a borrower based on fraud when the conduct induced the lender to make a real estate loan. To avoid any ambiguity, such actions are expressly excepted from the antideficiency provisions of Code of Civil Procedure section 726, 580a, 580b, and 580d. Because of evidence that fraud was most prevalent in loans for large, single-family dwellings, multiple unit dwellings and commercial property, the legislation exempted loans secured by single-family residential real property, when the property is *actually*

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

*occupied by the borrower* and the loan is for $150,000 or less." *Id.* at 1512-1513, footnotes omitted, emphasis in original.

### B. The Undisputed Facts Support the Inapplicability of the "Fraud" Exception to the Anti-Deficiency Statutes

It is undisputed that the proceeds of the Loan were used to purchase the Subject Property. (UMF No. 2) It is undisputed that the deed of trust securing the Loan was extinguished by the foreclosure of a senior lien. (UMF No. 6) It is undisputed that Plaintiff's suit is brought to recover damages because the foreclosure sale did not satisfy the outstanding balance on the Loan. (UMF Nos. 19, 31, 43, and 56) Based upon those undisputed material facts, the anti-deficiency prohibitions codified in California Code of Civil Procedure section 580b operate so as to prohibit any deficiency judgment, unless an exception applies.

Plaintiff argues that the "fraud" exception to the anti-deficiency prohibition is applicable here. Plaintiff alleges that Chao misrepresented her income to the lender, Plaintiff's predecessor in interest, inducing the lender to make the real estate loan. Assuming those facts to be true, under California Code of Civil Procedure section 726, subsection (f), and California Financial Code section 7460, subsection (a), Plaintiff would be authorized to obtain a deficiency judgment based upon "fraud" provided that the section 726, subsection (g), and section 7460, subsection (a), are inapplicable. The undisputed facts show that they are applicable.

It is undisputed that the Loan was secured by a single-family residential property. (UMF No. 9) It is undisputed that the Subject Property was actually occupied by Chao. (UMF No. 10) It is also undisputed that the Loan was for $125,000, which is less than $150,000, adjusted annually. (UMF Nos. 4 and 11) According to the United States Department of Labor, Bureau of Labor Statistics, $150,000 in 1987 is the equivalent of $266,197.18 on January 1, 2006. (UMF No. 10)

Based upon the undisputed material facts, Chao is entitled to judgment as a matter

12

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

of law. California Code of Civil Procedure section 580b prohibits deficiency judgments after the foreclosure of real property that secures a purchase money loan. Although California Code of Civil Procedure section 726, subsection (f), and California Financial Code section 7460, subsection (a), codify a "fraud" exception to the anti-deficiency prohibition in Civil Procedure section 580b, that "fraud" exception does not apply to the Loan at hand. Those Civil Procedure and Financial Code section are made expressly inapplicable by subsection (g) of Civil Procedure section 726 and subsection (b) of Financial Code section 7460 where the loan is secured by a single-family residential real property that is actually occupied by the borrower, and the loan is for $150,000 or less in 1987 dollars. The undisputed material facts evidence that the anti-deficiency statutes apply that the "fraud" exception does not apply.

### 4. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

The elements of a breach of contract action are: (1) the existence of the contract; (2) plaintiff's performance of the contract or excuse for non-performance; (3) defendant's breach of the contract; and (4) the resulting damage to the plaintiff. *Lortz v. Connell*, 273 Cal.App.2d 286, 290, 78 Cal.Rptr. 6, 8 (1969); see also CACI 300, 303.

Even assuming that the first three elements for breach of contract are met, Plaintiff's first cause of action for breach of contract violates California Code of Civil Procedure section 580b. It is undisputed that the proceeds of the Loan were used to purchase the Subject Property. (UMF No. 13) It is undisputed that the deed of trust securing the Loan was extinguished by the foreclosure of a senior lien. (UMF No. 17)

Plaintiff's prayer for relief, applicable to all causes of action, seeks *damages* from each defendant, including Chao. (UMF No. 23) As set forth above, because the Loan proceeds were "purchase money" (used to purchase the Subject Property), a deficiency judgment is prohibited after foreclosure. There is no breach of contract exception to California Code of Civil Procedure section 580b. Plaintiff's attempt to recover damages based upon the deficiency is prohibited. Plaintiff's first cause of action for breach of

13

contract should be summarily adjudicated.

Plaintiff may attempt to argue that the breach of contract claim is not an action for "damages" but rather for specific performance of promises by the borrower, to verify her income by executing a form 4506-T and providing proof of residence, contained in the form 1003 Uniform Residential Loan Application (the "1003"). Even assuming that the 1003, by operation of California Civil Code section 1642, is incorporated into the note evidencing the Loan (UMF No. 14), Plaintiff's argument would be little more than a "red-herring". The only purpose in specifically performing those covenants by the borrower would be for the purpose of discovery of facts supporting its misrepresentation causes of action. Should Plaintiff attempt to mischaracterize its breach of contract cause of action in this manner, it would be a blatant attempt to perform an end-run around the anti-deficiency prohibitions and get Plaintiff nowhere.

### 5. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

Plaintiff's action for damages based upon intentional misrepresentation is barred by California Code of Civil Procedure section 580b. It is undisputed that the proceeds of the Loan were used to purchase the Subject Property. (UMF No. 25) It is undisputed that the deed of trust securing the Loan was extinguished by the foreclosure of a senior lien. (UMF No. 29)

Plaintiff's cause of action for intentional misrepresentation is, in essence, a fraud claim as defined by California Civil Code section 1572, which provides:

> "Actual fraud, within the meaning of this chapter, consists of any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
>
> 1. The suggestion, as a fact, of that which is not true,

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

by one who does not believe it to be true;

2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

3. The suppression of that which is true, by one having knowledge or belief of the fact;

4. A promise made without any intention of performing it; or

5. Any other act fitted to deceive."

Plaintiff's second cause of action is a fraud claim – based upon borrowers' suggestion, as a fact, of that which is not true, by one who does not believe it to be true. (UMF No. 32) California Code of Civil Procedure section 726, subsection (f), and Financial Code section 7460, subsection (a), do authorize actions for damages based upon this type of fraud, notwithstanding the anti-deficiency prohibition in Code of Civil Procedure section 580b. Those authorizing provisions, however, are inapplicable where the elements of Code of Civil Procedure section 726, subsection (g), and Financial Code section 7460, subsection (b) are met. As recited above, the "fraud" exception to the anti-deficiency prohibitions do not apply to situations here the loan at issue was: (1) secured by a single-family residential property; (2) that is actually owner occupied; and (3) is for $150,000 or less, adjusted annually, commencing January 1, 1987, to the Consumer Price Index.

Here, the undisputed facts are that the Loan was secured by a single-family residential property. (UMF No. 33) It is undisputed that the Subject Property was actually occupied by Chao. (UMF No. 34) It is also undisputed that the Loan was for $125,000, which is less than $150,000, adjusted annually. (UMF Nos. 27 and 35) According to the United States Department of Labor, Bureau of Labor Statistics, $150,000 in 1987 is the equivalent of $267,197.18 on January 1, 2007. (UMF No. 35)

The "fraud" exception to California Code of Civil Procedure section 580b, as

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

1 | codified in Code of Civil Procedure section 726, subsection (f), and Financial Code section 7460, subsection (a), therefore does not apply and partial summary judgment should be granted on Plaintiff's second cause of action for intentional misrepresentation.

### 6.   CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S THIRD CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT

Plaintiff's third cause of action for fraudulent concealment is similarly barred by California Code of Civil Procedure section 580b. It is undisputed that the proceeds of the Loan were used to purchase the Subject Property. (UMF No. 37) It is undisputed that the deed of trust securing the Loan was extinguished by the foreclosure of a senior lien. (UMF No. 41)

Plaintiff's cause of action is one for "fraud" as defined by the third act described in California Civil Code section 1572 – the suppression of that which is true, by one having knowledge or belief of the fact. (UMF Nos. 43-44) Again, despite the anti-deficiency prohibitions, such "fraud" actions are authorized by California Code of Civil Procedure section 726, subsection (f), and Financial Code section 7460, subsection (a). However, those provisions do not apply to situations here the loan at issue was: (1) secured by a single-family residential property; (2) that is actually owner occupied; and (3) is for $150,000 or less, adjusted annually, commencing January 1, 1987, to the Consumer Price Index. Cal. Civ. Proc. §726(g), Cal. Fin. C. § 7460(b).

Here, the undisputed facts are that the Loan was secured by a single-family residential property. (UMF No. 45) It is undisputed that the Subject Property was actually occupied by Chao. (UMF No. 46) It is also undisputed that the Loan was for $125,000, which is less than $150,000, adjusted annually. (UMF Nos. 39 and 47) According to the United States Department of Labor, Bureau of Labor Statistics, $150,000 in 1987 is the equivalent of $273,799.05 on January 1, 2007. (UMF No. 47)

The "fraud" exception to California Code of Civil Procedure section 580b, as codified in Code of Civil Procedure section 726, subsection (f), and Financial Code section

16

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

7460, subsection (a), therefore does not apply and partial summary judgment should be granted on Plaintiff's third cause of action for fraudulent concealment.

### 7. CHAO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

Plaintiff's fourth cause of action for fraudulent concealment is also barred by California Code of Civil Procedure section 580b. It is undisputed that the proceeds of the Loan were used to purchase the Subject Property. (UMF No. 49) It is undisputed that the deed of trust securing the Loan was extinguished by the foreclosure of a senior lien. (UMF No. 53) There is no exception to the California Code of Civil Procedure section 580b for "negligent misrepresentation". Plaintiff may attempt to argue, however, that the negligent misrepresentation claim is one for "fraud" as defined by the second act in California Civil Code section 1572 - the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true. Even if Plaintiff's argument were accepted, and such action were authorized by California Code of Civil Procedure section 726, subsection (f), and Financial Code section 7460, subsection (a), the undisputed facts of this case make those provisions inapplicable.

Here, the undisputed facts are that the Loan was secured by a single-family residential property. (UMF No. 57) It is undisputed that the Subject Property was actually occupied by Chao. (UMF No. 58) It is also undisputed that the Loan was for $125,000, which is less than $150,000, adjusted annually. (UMF Nos. 51 and 59) According to the United States Department of Labor, Bureau of Labor Statistics, $150,000 in 1987 is the equivalent of $273,799.05 on January 1, 2007. (UMF No. 59)

The "fraud" exception to California Code of Civil Procedure section 580b, as codified in Code of Civil Procedure section 726, subsection (f), and Financial Code section 7460, subsection (a), therefore does not apply and partial summary judgment should be granted on Plaintiff's fourth cause of action for intentional misrepresentation.

///

## 8. CONCLUSION

Based on the foregoing, there is no genuine issue of material fact as to Chao's affirmative defense relating to California's anti-deficiency statutes. Because Plaintiff's claims are prohibited by California Code of Civil Procedure section 580b, and no exception to that statute's prohibitions applies, Chao is entitled to summary judgment as a matter of law. Alternatively, Chao is entitled to partial summary judgment of the several issues raised by Plaintiff's complaint.

DATED: June 9, 2010

DACK MARASIGAN, LLP
MARTIN E. DACK
JAYSON Q. MARASIGAN

By: _____
JAYSON Q. MARASIGAN
Attorneys for Defendant Charlene Y. Chao

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT