

1  Marilyn S. Yee SBN 096249
   Law Office of Marilyn S. Yee
2  29910 Murrieta Hot Springs Road
   Suite G-533
3  Murrieta, California 92563
   (951) 926-7900, 848-9992-fax
4  Email: myeeatty@yahoo.com

5

6  Attorney for Defendants, Jose Eduardo Pavon and Jennifer Anne Von Bima

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10



| | |
|---|---|
| 11  Heritage Pacific Financial LLC,<br>12  DBA Heritage Pacific Financial,<br>    A Texas Limited Liability Company,<br>13                   Plaintiff,<br>         vs.<br>14 | )  Case No.SACV09-01466AG (RNBx)<br>)<br>)  **DEFENDANTS' COUNTERCLAIM**<br>)  **DAMAGES, AND EQUITABLE RELIEF**<br>)  **FOR:**<br>) |
| 15  James Hague, Charlene Chao; Jeffrey<br>16  Tomazin, Priscilla Tomazin; Maria Soila<br>    Carbajal, Ephraim Kiama, Evie Liwe, James<br>17  Taylor, Remus Eppie, Patrick Ogden, Silvia<br>    Elizabeth Salmeron, Veronica Conklin, Emilia<br>18  Villarreal, Moradali Amirinegar, Martha<br>    Rocha, Mina Shahab, Myra Popp Figueroa,<br>19  Victor Bonilla, Leticia Valenzuela, Antonia<br>    Pedraza, Bonnie Rhea Scott, Alberto Pasillas,<br>20  Jorge Velasco, Jennie  Arismendez, Paul<br>21  Radwich, Mary Pearson, Ronald Calvero, Jose<br>    Eduardo Pavon, Jennifer Anne Von Bima,<br>22  Fred Ortiz, Jorge Mora, Sonia Navarro,<br>    Monique Heredia, Otila Murrietta, Gelenie<br>23  Quiocho Amigable, Amanda Espinello,<br>    Claudia Tovar, Sergio Tovar, Bertha Cortes,<br>24  Miguel Cortes Ferral, Jorge Siguenza, Blanca<br>25  Rodas, Sean Wolfswinkel, Alfredo Jimenez,<br>    Eloisa Peneda, Levis Rodrigues, Monica<br>26  Anguiano, Salomon Solis, Monique Huereque,<br>27  Lourdes Velazques, | )  **1. PREDATORY LENDING**<br>)  **2. BREACH OF GOOD FAITH & FAIR**<br>)  **DEALING**<br>)  **3. DECLARATORY RELIEF**<br>)  **4. ACCOUNTING**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| 28  Defendants | )<br>)<br>) |



RECEIVED
BUT NOT FILED

JUN – 7 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY                         DEPUTY

1

Jose Eduardo and Jennifer Anne Von Bima,     )
Individuals,                                  )
                                             )
Counter-Claimants                            )
Vs.                                          )
                                             )
Heritage Pacific Financial LLC, DBA          )
Heritage Pacific Financial, a Texas Limited  )
Liability Company, and Does 1 through 5,      )
                                             )
Counter-Defendants                           )
_____ )

COMES NOW, COUNTER-CLAIMANTS, JOSE EDUARDO PAVON and JENNIFER ANNE VON BIMA, INDIVIDUALS, alleges damages and seeks equitable relief against, COUNTER-DEFENDANTS, AS FOLLOWS:

A. JURISDICTION AND PARTIES

1. At all times herein mentioned, Counter-Claimants, Jose Eduardo Pavon and Jennifer Anne Von Bima, hereafter referred to as "Pavon" were residents of the County of Riverside.

2. Pavon is informed and believes and on that basis alleges, that Counter-Defendants, Heritage Pacific Financial, LLC, hereafter referred to as "Heritage", was a limited liability company organized under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

3. Pavon entered into the transaction described herein, with Metropolitan Bancorp. Heritage alleges that it is the owner of the debt owed by Pavon, as the successor in interest to Metropolitan Bancorp, hereafter referred to as "Bancorp".

4. At all times herein mentioned, the real property which is the basis of this action is located at 2257 Riverdale Avenue, Los Angeles, California 90031.

5. Venue of this court is proper on the basis of diversity, as Pavon and Heritage are citizens of different states.

B. HISTORY OF THE CASE

6. Pavon obtained a loan with the lender, Bancorp, secured by a first deed of trust for $476,000, and a loan that is the subject of this action, for $119,000 secured by a second deed of trust on the property located at 2257 Riverdale Avenue, Los Angeles, California 90031. Bancorp, pursuant to the power of sale under the first deed of trust, sold the subject property at a trustee's sale in May 2008. Pavon was served with this complaint on December 30, 2009.

7. Pavon did not reside in the subject property, but was seeking to assist his family members who were Joaquin G. Serrano and Luz Maria Veronica Guzman, hereafter collectively referred to as "Serrano", by securing the financing. Serrano agreed to reside in the property, and to make all of the loan payments on the first and second mortgages. Serrano further advised Pavon that the subject financing was for a short term re-finance, and that a new loan would be placed on the property in 6 months, and that Pavon would no longer be the borrower. After the escrow closed Pavon became aware that the transaction was for the purchase of the subject property and was not for a refinance.

8. Pavon executed a Uniform Residential Loan Application, Form 1003, that contained certain financial information relating to their debt and income. The pages of the loan application after the application was executed by Pavon, relating to income were replaced by the loan agent, Miguel Mario Gutierrez, with false information without Pavon's consent and knowledge. Further the loan payments were to be made by Joaquin Serrano, and Luz Maria Guzman, who resided in the subject property. Title to the subject property was later transferred to the children of Joaquin Serrano, who are Winfred Serrano, and Ana Christina Rojas.

3

9. Pavon submitted supporting documents for the loan application to the lender, which included employment pay stubs, and bank statements.

C. GENERAL ALLEGATIONS

10. Pavon realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 5 of this counterclaim.

11. Pavon is informed and believes and on that basis allege that Heritage, as the successor of Metropolitan, at all times herein mentioned was employed by or the agents of Metropolitan , and were acting within the course and scope of the agency or employment in doing the acts as alleged.

**FIRST CLAIM FOR RELIEF**
**(Predatory Lending)**

12. Pavon realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 11 of this counterclaim.

13. This was a stated income loan. The income erroneously stated that $15,000 a month was earned by Pavon. Pavon owned another property, at the time that this loan was approved. Pavon submitted pay stubs and bank statements that clearly stated his and his spouse's income. The risk factors relating to the subject loan, of the borrowers was obvious; which include: stated income documentation, and a lack of determination regarding the ability to repay the loan. The loan should have required strict underwriting standards. Pavon was employed by a tile store, and was not the owner as represented, and the amount of income fraudulently stated on their loan application was $180,000 annually. Heritage, and its predecessor, Bancorp, made no attempts to determine the true ability of Pavon to repay the loan, which was a total of $476,000 on the first mortgage and $119,000 on the second mortgage, for a total of $595,000 on top of other loans

held by Pavon for their other real property and autos. The imprudent underwriting described above violated 12 C.F.R. 226.34(a)(4).

14. Pavon is informed and believes and thereon alleges that Bancorp, and Heritage targeted low income and minority borrowers for its campaign of its predatory lending practices.

15. As a result of these predatory lending practices, Pavon was at high risk of foreclosure of his property, and suffered damage as a result of these lending practices herein described.

16.  Pavon is informed and believes and on that basis alleges that despite having a high FICO credit score in the 700's, Pavon was charged a very high interest rate of 6.99 % on the loan for the first mortgage and 10.6% for the second mortgage.

17. Pavon is entitled to damages according to proof, including reasonable attorneys' fees, suffered as a result of Counter-Defendants' predatory lending practices.

## SECOND CLAIM FOR RELIEF
### ( Breach of Good Faith and Fair Dealing)

18.  Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

19. At all pertinent times, the agreement entered into between Pavon and Heritage contained an implicit covenant of good faith and fair dealing requiring Heritage and Bancorp to act honestly and in good faith in the performance and enforcement of the contract.

20. The conduct of Heritage and Bancorp, in purposefully overstating Pavons' income and failing to disclose material information in the loan application process, constitutes a breach of covenant of good faith and fair dealing, as required by *California Civil Code* Section 2971.

21. Pavon is informed and believes and thereon alleges that as a result of the Heritage and Bancorp's conduct Pavon has suffered economic damages in an amount in excess of $1,000,000.00 or to be proven at trial.

22. Heritage and Bancorp committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of the Pavons' rights. Conduct by the Heritage and Bancorp

5

amounted to malice and was carried out in a despicable, deliberate, cold, callous, and intentional manner thereby entitling Pavon to recover punitive damages from Defendant in an amount according to proof.

23. The terms of the subject promissory note, at paragraph 4(d), provide for costs, including reasonable attorneys' fees. Pavon seeks compensation for their attorneys' fees according to proof.

## THIRD CLAIM FOR RELIEF
### (Declaratory Relief)

24. Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

25. Pavon entered into a loan with Bancorp, secured by the subject real property.

26. Heritage claims to be the owner of the debt evidenced by a promissory note, for $119,000, as the successor in interest to Bancorp.

27. Bancorp, and Heritage as its successor in interest, violated the provisions of the Federal TILA as well as California law as set forth above, including by failing to provide disclosure documents, providing false and misleading information as to the amount financed and by otherwise violating lending laws. These violations entitle Pavon to damages as alleged herein.

28. An actual controversy has arisen and now exists between Pavon and Heritage concerning their respective rights and duties in that Pavon contends that by failing to provide these disclosures and by providing false and misleading information, Pavon is entitled to actual damages.

29. In addition, Pavon seeks a judicial determination that Heritage, as the successor in interest to Bancorp, is entitled to collect the outstanding balance due on the promissory note that was secured by the second mortgage on the subject property.

30. Pavon requests a judicial determination of the parties' rights and duties as is necessary and appropriate at this time under the circumstances, and a declaration as to whether Heritage and Bancorp violated federal and state lending laws, and the amount owed, if any by Pavon to Heritage.

## FOURTH CLAIM FOR RELIEF
### (Accounting)

31. Pavon realleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

32. On October 13, 2009, Pavon received a demand for payment from Heritage on loan number 11722042 for the outstanding balance of $79,013.99.

33. On November 11, 2009, Pavon received a Verification of Debt from Heritage, showing the outstanding balance to be the sum of $118,570.72. The balance was increased, in less than one month by the sum of $39,556.73.

34. Pursuant to the terms of the promissory note, monthly payments of $1,099.68, were to be applied to principal and interest.

35. The amount of money due, if any, from Pavon to Heritage is unknown to Pavon and cannot be determined without an accounting.

**WHEREFORE, Counterclaimants, Jose Eduardo Pavon and Jennifer Von Bima, pray as follows:**

1. As to the First Claim for Relief:

   a. Damages according to proof

   b. For attorney's fees according to proof;

2. As to the Second Claim for Relief:

   a. For Damages according to proof;

   b. For attorneys' fees according to proof;

   c. For Punitive and Exemplary Damages;

3. As to the Third Claim for Relief:

   a. For a determination of the rights of Pavon and Heritage;

4. As to the Fourth Claim for Relief:

a. For an order of accounting by Heritage as to the amount due, if any from Pavon;

5. As to all Claims for Relief:

a. Any further orders that the court deems proper.


Dated: May 21, 2010              Law Offices of Marilyn S. Yee

                                 By _Marilyn S. Yee_
                                 Marilyn S. Yee
                                 Attorney for Defendants, Jose Eduardo Pavon
                                 And Jennifer Anne Von Bima