MARTIN E. DACK (Bar No. 196068)
JAYSON Q. MARASIGAN (Bar No. 227525)
DACK MARASIGAN, LLP
23041 Avenida de la Carlota, Suite 300
Laguna Hills, California 92653
Telephone:   (949) 206-9848
Facsimile:   (949) 206-9851

Attorneys for Defendant Charlene Y. Chao

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAC PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAMES HAGUE, et al.,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. SACV 09-01466 (RNBx)<br><br>**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:　July 12, 2010<br>Time:　10:00 a.m.<br>Crtrm:　10D<br><br>[Evidentiary Objections Filed Concurrently Herewith]<br><br>Judge:　　　　　　　Andrew J. Guilford<br>Magistrate Judge:　Robert N. Block<br>Trial Date:　　　　December 14, 2010<br>Complaint Filed:　December 11, 2009 |

///
///
///
///
///
///
///
///

1

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Defendant Charlene Y. Chao ("Chao") hereby submits the following points and authorities in reply to Plaintiff's opposition to Chao's motion for summary judgment or, in the alternative, for partial summary judgment:

1. **CHAO IS NOT RELYING UPON CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 580a AND 726 TO SUPPORT HER ANTI-DEFICIENCY AFFIRMATIVE DEFENSE**

Chao's defense of anti-deficiency is not based upon either California Code of Civil Procedure sections 580a or 726. Chao has made no argument regarding applicability of California Code of Civil Procedure sections 580a or 726 to limit Plaintiff's ability to seek a deficiency on the subject loan.

Chao is relying upon California Code of Civil Procedure section 580b, the so-called "purchase money" prohibition to deficiency judgments to support affirmative defense of anti-deficiency. Plaintiff has presented no authority suggesting that the anti-deficiency protections of California Code of Civil Procedure section 580b do not apply to sold-out junior liens. It is because, unlike California Code of Civil Procedure sections 726(a) and 580d, California Code of Civil Procedure section 580b applies to sold-out junior creditors. See *Brown v. Jensen*, 41 Cal.2d 193, 259 P.2d 425 (1953). See also *Mortgage Guar. v. Sampsell* 51 Cal.App.2d 180, 124 P.2d 353 (1942).

The formal basis for the holding in *Brown* was the assertion that a sold-out junior suing on the note is seeking a deficiency judgment. Technically, such an action is not for a deficiency because the junior has not held a prior foreclosure sale. In *Brown*, however, the California Supreme Court held that a foreclosure sale is a precondition only when it would not be an idle act. When there is no security left to foreclose, a judgment on the note is the functional equivalent of a deficiency judgment and therefore subject to California Code of Civil Procedure section 580b.

2. **CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 580b APPLIES BECAUSE THE LOAN WAS SECURED BY THE PROPERTY THAT WAS ACTUALLY PURCHASED**

Plaintiff attempts to argue that California Code of Civil Procedure section 580b does not

2

1. apply because the subject loan was secured by a second deed of trust and thus, based upon the holding in *Roseleaf v. Chierighino*, 59 Cal.2d 35, 378 P.2d 97, 27 Cal.Rptr. 873 (1963), could not be purchase money.[1] Plaintiff's argument is not supported by the facts or the holding in *Roseleaf*. The reason that California Code of Civil Procedure section 580b did not apply to the second deeds of trust in *Roseleaf* was because they were secured by property *other than* the property being purchased. The buyer in *Roseleaf* was purchasing a hotel from Roseleaf Corporation. The consideration was secured by a first trust deed on the hotel and three notes secured by a second deed of trust on other real property owned by the buyer. *Id.* 59 Cal.2d at 38. After buyer purchased the hotel, the first trust deed holders on the other properties foreclosed, leaving Roseleaf Corporation's security on those other properties valueless. The buyer continued to own the hotel. The issue in *Roseleaf* was "whether the three second trust deeds *on land other than that purchased* are purchase money trust deeds because they were 'given to secure payment of the balance of the purchase price of real property.'" *Id.* 59 Cal.2d at 41. The California Supreme Court ultimately ruled that they were not purchase money. That holding tracks the current wording in the statute:

> "No deficiency judgment shall lie in any event after a sale of real property ... for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of <u>that</u> real property ..." (Cal. Civ. Proc. § 580b) (Emphasis added)

Those facts and holding, however, have no bearing on the issue of whether the subject loan was purchase money. The facts of *Brown v. Jensen* 41 Cal.2d 193, 259 P.2d 425 (1953) are more analogous and, in that case, the California Supreme Court held that the protections of California Code of Civil Procedure section 580b did apply to a second deed of trust.

It bears emphasis that until 1963 California Code of Civil Procedure section 580b. did not define what kinds of loans (seller versus third party financing) qualified as "purchase money". It was interpreted by some to only apply to seller financing. See Currie & Lieberman, *Purchase*

---

[1] Opposition p.9, lines 1-7

*Money Mortgages and State Lines: A Study in Conflict-of-Laws Method*, 1960 Duke L.J. 1. Some old California Supreme Court dicta, however, suggested that third party loans could be considered purchase money. See *Stockton Sav. & Loan Bank v. Massanet* 18 Cal.2d 200, 114 P.2d 592 (1941), but one appellate court held that third party loans were not purchase money loans. *Peterson v. Wilson* (1948) 88 Cal.App.2d 617, 199 P.2d 757. Three weeks after *Roseleaf*, the California Supreme Court ruled that third parties who advance funds to enable buyers to purchase property do come within California Code of Civil Procedure section 580b and are barred from obtaining deficiency judgments. *Bargioni v. Hill* (1963) 59 Cal.2d 121, 28 Cal.Rptr. 321 (disapproving *Peterson v. Wilson, supra*). The California Legislature, in response, amended California Code of Civil Procedure section 580b in 1963. The statute, as amended, makes buyer anti-deficiency depend on the nature of the property purchased. Residential property of 1 to 4 units, on which the buyer will reside, has complete 580b protection against the third party lender as well as the seller. *Prunty v. Bank of America* (1974) 37 Cal.App.3d 430, 441, 112 Cal.Rptr. 370. "Commercial property" has no deficiency protection against a third party lender, although there is such protection against the seller. That distinction provides another basis for the non-applicability of the facts and holding in *Roseleaf* from the loan at bar. The property in *Roseleaf* was a hotel. The Subject Property purchased by Chao was a single family residence, a 5 bedroom, 3 bath home. (Chao Decl. ¶3)

In its separate statement of disputed facts Plaintiff disputes that the proceeds of the subject loan were used to purchase the Subject Property.[2] Plaintiff's dispute of that fact, however, does not comport with the evidence it submitted and argument it presented in support of its own opposition. In its opposition, Plaintiff clearly des not dispute that the "second deed of trust was extended to Defendant CHAO to secure payment of part of the purchase price of real property."[3] Plaintiff's expert, Mark Schuerman, admits that same fact.[4] Based upon those admissions, the

---

[2] Plaintiff's separate statement nos. 2, 13, 25, 37, and 49.

[3] Opposition p. 9, lines 8-9.

[4] Declaration of Mark Schuerman ¶16, p. 5, lines 17-19.

4
REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1 | court should consider the fact that Chao used the proceeds from the loan to purchase the Subject
2 | Property undisputed. California Code of Civil Procedure section 580b operates to bar Plaintiff's
3 | claim for deficiency.

4 | **3.** **"FRAUD" ACTIONS ARE STATUTORILY LIMITED TO LOANS WHICH ARE
5 | NOT SECURED BY SINGLE FAMILY, OWNER OCCUPIED, RESIDENTIAL
6 | PROPERTIES AND WHERE THE LOAN IS FOR LESS THAN $150,000, AS
7 | ADJUSTED ANNUALLY**

8 | Chao does not dispute that "fraud" claims are not subject to anti-deficiency prohibitions
9 | under certain circumstances. In 1987 the California Legislature enacted California Code of Civil
10 | Procedure section 726 (f), (g) and (h), and California Financial Code sections 779, 7459, 7460,
11 | and 15102, specifically allowing "fraud" claims notwithstanding the anti-deficiency statutes. The
12 | "fraud" actions permitted were, however, limited and do not extend to loans secured by single
13 | family, owner-occupied residential real property, when the property is actually occupied by the
14 | borrower as represented to the lender in order to obtain the loan and the loan is for an amount of
15 | one hundred fifty thousand dollars ($150,000) or less, as adjusted annually, commencing on
16 | January 1, 1987, to the Consumer Price Index as published by the United States Department of
17 | Labor. Cal. Civ. Proc. § 726(g) and Cal. Fin. C. § 7460(b).

18 | Chao has not argued that the holding in *First Fed. Sav. & Loan Assn. v. Lehman*, 159
19 | Cal.App.3d 537, 542, 205 Cal.Rptr. 600 (1984) is supportive of her position. Chao recognizes that
20 | the holding of *Lehman* was vitiated with the additions of California Code of Civil Procedure
21 | section 726 (f), (g) and (h), and California Financial Code sections 779, 7459, 7460, and 15102.
22 | Those statutes were specifically enacted to address what the California Legislature saw as an
23 | unjust holding in *Lehman* and explicitly authorized fraud claims notwithstanding anti-deficiency
24 | prohibitions. However, the fraud claims authorized were limited by California Code of Civil
25 | Procedure section 726(g) and California Financial Code section 7460(b).

26 | Chao has similarly not argued that the facts or holding of *Guild Mortgage Co. v. Heller*,
27 | 193 Cal.App.3d 1505 (1987) as supportive. Chao's citation to *Guild Mortgage* was intended to
28 | indicate the statutory framework behind the "fraud" exception to the anti-deficiency statutes as

codified in California Code of Civil Procedure section 726 (f), (g) and (h), and California Financial Code sections 779, 7459, 7460, and 15102.

Plaintiff's attempt to distinguish the applicability of the limiting statutes (first versus second "trust deeds" is in contrast to the plain language of the statute. The statutes' plain language supports the position that Plaintiff's claim is barred.

California Code of Civil Procedure section 726, subsection (g), provides:

> "Subdivision (f) does not apply to *loans* secured by single family, owner-occupied residential real property, when the property is actually occupied by the borrower as represented to the lender in order to obtain the *loan* and the *loan* is for an amount of one hundred fifty thousand dollars ($150,000) or less, as adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as published by the United States Department of Labor."
> (Emphasis added)

California Financial Code section 7460, subsection (b), provides:

> "The provisions of this section shall not apply to *loans* secured by single-family, owner-occupied residential real property, when the property is actually occupied by the borrower as represented to the lender in order to obtain the *loan* and the *loan* is for an amount of one hundred fifty thousand dollars ($150,000) or less, as adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as published by the United States Department of Labor."
> (Emphasis added)

Plaintiff's claim is not based on the security (the deeds of trust). Plaintiff's claim is based upon the loan that its predecessor made to Chao to purchase the Subject Property. It is a *loan* that was secured by a single family, owner-occupied residential property, actually occupied by Chao, as represented to the lender to obtain the *loan* and the *loan* was for less than $150,000, as adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as published by the

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States Department of Labor. Plaintiff's attempt to distinguish between first and second trust deeds is irrelevant for purposes of determining the applicability of California Code of Civil Procedure section 726(g) and California Financial Code section 7460(b).

4. **BECAUSE CHAO IS ENTITLED TO SUMMARY JUDGMENT BASED UPON HER AFFIRMATIVE DEFENSES, CHAO NEED NOT CHALLENGE THE ALLEGATIONS SET FORTH IN THE COMPLAINT**

   A. **Chao Need Not Challenge Plaintiff's Allegations If Her Affirmative Defenses Entitle Her To Judgment As A Matter Of Law**

   Plaintiff's citation to the holding in *Lasser & Gross International, Inc. v. Dunham*, 196 Cal.App.3d 496, 241 Cal.Rptr. 854 (1987) is unavailing because its applicability is completely contingent upon the inapplicability of the California Code of Civil Procedure section 580b, the anti-deficiency statute applicable here.

   A party may move for summary judgment on the ground that there is no genuine issue of material fact as to its own claims or defenses. The moving party must generally demonstrate there is no triable issue as to the matters alleged in its own pleadings; i.e., plaintiff on a claim for relief or defendant on an affirmative defense. *Calderone v. United States*, 799 F.2d 254, 259 (1986); *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (2003). If the evidence offered in support of the motion establishes every essential element of the moving party's claim or defense, there is no need to offer evidence to negate or disprove matters on which the opposing party has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

   Thus, provided that Chao establishes that there are no genuine issues of material fact as to its anti-deficiency affirmative defense, Chao will be entitled to summary judgment. There is no need for Chao to offer evidence to negate or disprove matters on which Plaintiff has the burden of proof at trial.

   B. **Chao's Affirmative Defense Of Anti-Deficiency Entitles Her To Summary Judgment As A Matter Of Law**

   Plaintiff has presented no evidence to dispute the facts submitted in support of Chao's anti-

deficiency affirmative defense. In accordance with Federal Rules of Civil Procedure rule 56(e): "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order."

Plaintiff does not dispute that, on August 31, 2006 Chao purchased the Subject Property known as 14373 Wolfhound Street, Corona, CA 92880.[5]

Plaintiff disputes that Chao purchased the Subject Property using proceeds from a loan issued by Family Lending Services, Inv. yet provides no evidence to support its dispute and, contrary to its argument, actually submits evidence admitting that proceeds of the loan were used to purchase the Subject Property.[6] Based upon those admissions, and the declaration of Charlene Chao wherein she testified as to the fact that "[t]he entirety of the $125,000 loan was used towards [her] purchase of the Subject Property." (Chao Decl. ¶5)

Plaintiff does not dispute that the loan was evidenced by a note in the sum of $125,000, that the loan was in that same sum, that it was secured by a second mortgage, that the Subject Property was foreclosed upon by a senior lien, and that Plaintiff is the holder of the note evidencing the loan made to Chao.[7]

Plaintiff disputes that its damages claim is based upon the unpaid principal sum of the note. Plaintiff's dispute of that fact is, however, an exercise in attempting to emphasize form over substance. Assuming that Plaintiff were to prevail in its claim for fraud, its damages would be measured according to the unpaid principal sum of the note. Plaintiff's dispute is not grounded

---

[5] Plaintiff's Separate Statement Nos. 1, 12, 24, 36, and 48.

[6] Opposition p. 9, lines 8-9; Declaration of Mark Schuerman ¶16, p. 5, lines 17-19; Uniform Residential Loan Application, Exhibit "A" to the declaration of Brad Mokri indicating that the purpose of the loan was for Chao's "purchase" of a "primary residence".

[7] Plaintiff's Separate Statement No. 3, 4, 5, 6, 7, 14, 15, 16, 17, 18, 26, 27, 28, 29, 30, 38, 39, 40, 41, 42, 50, 51, 52, 53, and 54.

upon any admissible fact. The court should consider this fact undisputed for purposes of Chao's motion in accordance with Federal Rule of Civil Procedure 56(e)(3).

      Plaintiff disputes that the Subject Property was a single-family residence, but has submitted no evidence in support of its position. Plaintiff suggests that "discovery and investigation are ongoing" but provide no indication as to the evidence sought that will refute the uncontested evidence submitted by Chao that that Subject Property "was a single-family residence, a five (5) bedroom, three bath home located in the Corona area of Riverside." (Chao Decl. ¶3) What is more, documents Plaintiff submitted in support of its opposition indicate that the subject property was a property consisting of 1 unit. The first page of the Uniform Residential Loan Application attached by Plaintiff as Exhibit "A" to the declaration of Bard Mokri indicates that the loan was being issued for the purpose of Chao's purchase of the Subject Property, consisting of "1" unit. Moreover, Chao, being the purchaser and owner of the Subject Property, had personal knowledge regarding her observations of the Subject Property. Chao's testimony of evidentiary facts regarding the conditions of the Subject Property: (1) single family residence; (2) five bedrooms; (3) three bathrooms, are admissible. (FRE 601 and 701)

      Plaintiff disputes that Chao actually lived at the Subject Property but has again submitted no evidence to support its position. Plaintiff has not submitted any evidence to refute Chao's testimony that "[she] purchased the property intending to reside there as [her] principal/primary residence. [She] moved into the Subject Property on September 1, 2006. [She] continued living in the Subject Property until February 1, 2008." (Chao Decl. ¶7) Those facts alone constitute sufficient evidentiary facts on which the court could decide the issue of Chao's occupancy of the Subject Property. Because Plaintiff did not submit any evidence contradicting evidence, the court should consider this fact undisputed for purposes of Chao's motion in accordance with Federal Rule of Civil Procedure 56(e)(3).

      Plaintiff disputes that $150,000, adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as established by the United States Department of Labor is equivalent to $266,197.18 as of January 1, 2006. Plaintiff has presented no evidence in support of its position and has not even offered an alternative value. Instead, Plaintiff has objected to the admissibility of

documents published by the United States Department of Labor indicating the Consumer Price Index. Based upon Federal Rules of Evidence Rule 902(5) and cases interpreting the same, Plaintiff's objections are unfounded as the documents are self-authenticating. Fed. R. Evid. Rule 902(5); *Clappier v. Flynn*, 605 F.2d 519 (1979); *Conjour v. Whitehall Township*, 850 F.Supp. 309, 316(ED PA 1994); *Williams v. Long*, 585 F.Supp.2d 679, 689–690 (D MD 2008)—information published on public authority's Web site, regardless if it is restricted or not, is self-authenticating as online official publication (also authenticated by URL). Because the documents are self-authenticating, the attachment of the documents to the declaration of Jayson Q. Marasigan is sufficient to establish the fact that $150,000 on January 1, 1987 is the equivalent of $266,197.18. Moreover, because the documents were published by the United States Department of Labor, they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned – according to the statute, the United States Department of Labor is the entity that is supposed to publish the same. Because Plaintiff did not submit any evidence contradicting evidence, the court should consider this fact undisputed for purposes of Chao's motion in accordance with Federal Rule of Civil Procedure 56(e)(3).

5. **CHAO'S MOTION WAS TIMELY FILED IN ACCORDANCE WITH THE LOCAL RULES WHICH SUPERCEDE THE TIMELINES SET FORTH IN FEDERAL RULES OF CIVIL PROCEDURE 56**

Plaintiff argues that Chao's summary judgment motion was untimely filed. Chao's summary judgment motion was filed in conformance with the timelines set forth in Local Rules 6-1 and 7-9. The motion was filed and electronically served on Plaintiff more than 28 days before the hearing on the motion, thus complying with Local Rule 6-1. Plaintiff's opposition, on the other hand, was untimely as it did not comply with the deadline set forth in Local Rule 7-9 since it was neither filed nor served 21 days before the hearing on the instant motion.

Plaintiff's reliance on Federal Rules of Civil Procedure, rule 56(c) is unavailing. The timelines set by FRCP 56(c) are, by the language of the rule itself, not directive where there is a local rule setting forth alternative deadlines. The holding and reasoning in *Marshall v. Gates*, 44 F.3d 722 (1995), are applicable here. In *Marshall*, a 9th Circuit case, the defendants moved for

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

summary judgment and but plaintiff failed to file his opposition affidavits by the deadline set forth in the local rules.  Plaintiff argued that the opposition affidavits were timely according to FRCP 56(c) but the 9th Circuit disagreed: "an interpretation consistent with the reality of practice in the district court is that F.R.C.P. 56(c) does not unconditionally require a district court to accept affidavits up to the date set for hearing on the motion for summary judgment. Rather, the rule allows district courts to adopt procedures pursuant to which the non-moving party may oppose a motion prior to a hearing date. Local Rule 7.6 in no way eliminates this opportunity; instead it places a condition on that right." *Marshall v. Gates*, 44 F.3d at 725.  Based on that holding and analysis, LR 7-9 is applicable and applies a condition on the right to file oppositions/replies. Secondary sources, including Schwarzer & Tashima, *Rutter Group: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Ed.*, Ch. 14-C, 14:98, agree with that interpretation of the application of the local rules over FRCP 56.

## 6. CONCLUSION

Based on the foregoing points and authorities, the points and authorities raised in Chao's motion for summary judgment, the evidence submitted concurrently therewith, the evidentiary objections submitted concurrently herewith, there is no genuine issue of material fact as to Chao's affirmative defense relating to California's anti-deficiency statutes.  Because Plaintiff's claims are prohibited by California Code of Civil Procedure section 580b, and no exception to that statute's prohibitions applies (see Cal. Civ. Proc. §726 (f) & (g) and Cal. Fin. C. §7460 (a) & (b), Chao is entitled to summary judgment as a matter of law.  Alternatively, Chao is entitled to partial summary judgment of the several issues raised by Plaintiff's complaint.

DATED: July 6, 2010

DACK MARASIGAN, LLP
MARTIN E. DACK
JAYSON Q. MARASIGAN

By: _____
JAYSON Q. MARASIGAN
Attorneys for Defendant Charlene Y. Chao

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange. I am over the age of eighteen years and not a party to the within entitled action; my business address is 23041 Avenida de la Carlota, Suite 300, Laguna Hills, California 92653.

On July 6, 2010, I served the following document(s) described as **REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**SEE ATTACHED LIST**

[X] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Laguna Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[ ] **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (949) 206-9851. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

[ ] **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

[ ] **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2010, at Laguna Hills, California.

Liz Mendoza

1

PROOF OF SERVICE BY MAIL

## SERVICE LIST

Blanca Rodas
3233 Beaumont Ave.
Oakland, CA 94602
Defendant in Pro Per

Sonia Navarro
5206 Benito, Suite 202
Montclair, CA 91763
Defendant in Pro Per

PROOF OF SERVICE BY MAIL